**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                         (State)

Case number (*If known*): _____  Chapter **11**

☐ Check if this is an amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Enjoy Technology, Inc. |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and *doing business as* names | Marquee Raine Acquisition Corp. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 9 8 – 1 5 6 6 8 9 1 |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**  3240  Hillview Ave  Number  Street  Palo Alto  CA  94304  City  State  ZIP Code  Santa Clara County  County | **Mailing address, if different from principal place of business**  Number  Street  P.O. Box  City  State  ZIP Code  **Location of principal assets, if different from principal place of business**  Number  Street  City  State  ZIP Code |
| 5. | **Debtor's website** (URL) | www.enjoy.com | |

---

Debtor  Enjoy Technology, Inc.  
_____Name_____

Case number (*if known*)_____

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>5 4 1 9 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check all that apply*:<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ A plan is being filed with this petition.<br>  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

Debtor __Enjoy Technology, Inc._____                Case number (*if known*)_____
        Name

| | | |
|---|---|---|
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☑ No<br>☐ Yes.  District _____ When _____ Case number _____<br>                                         MM / DD / YYYY<br>         District _____ When _____ Case number _____<br>                                         MM / DD / YYYY |
| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No<br>☑ Yes.  Debtor __See Attachment 1__  Relationship __Affiliate__<br>         District __District of Delaware__  When __Contemporaneously__<br>                                                 MM / DD / YYYY<br>         Case number, if known _____ |
| 11. | **Why is the case filed in *this district*?** | Check all that apply:<br>☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply*.)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>  What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>                          Number    Street<br>   _____<br>   _____  _____  _____<br>   City                             State  ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>       Contact name _____<br>       Phone _____ |

**Statistical and administrative information**

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page **3**

Debtor  Enjoy Technology, Inc.  
        Name

Case number (if known) _____

| | | | |
|---|---|---|---|
| **13. Debtor's estimation of available funds** | Check one:<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☑ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☑ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/30/2022  
              MM / DD / YYYY

X /s/ Tiffany N. Meriweather                          Tiffany N. Meriweather  
Signature of authorized representative of debtor      Printed name

Title Chief Legal Officer and Corporate Secretary

Debtor  Enjoy Technology, Inc.  
       Name

Case number *(if known)* _____

---

**18. Signature of attorney**

✗ /s/ Daniel J. DeFranceschi  
Signature of attorney for debtor

Date 06/30/2022  
MM / DD / YYYY

Daniel J. DeFranceschi  
Printed name

Richards Layton & Finger, P.A.  
Firm name

920 North King Street  
Number     Street

Wilmington      DE     19801  
City     State     ZIP Code

(302) 651-7700      defranceschi@rlf.com  
Contact phone     Email address

2732     DE  
Bar number     State

## ATTACHMENT 1 TO VOLUNTARY PETITION

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Debtor Name | Federal EIN |
| --- | --- |
| Enjoy Technology, Inc. | 98-1566891 |
| Enjoy Technology Operating Corp. | 30-1254543 |
| Enjoy Technology LLC | 46-5660230 |

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit AA@ shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-39800.

2. The following financial data is the latest available information and refers to the debtor=s condition on March 31, 2022.

   a. Total assets                                              $111,661,000

   b. Total debts (including debts listed in 2.c., below)       $ 69,956,000

   c. Debt securities held by more than 500 holders

|  |  | Approximate number of holders: |
|---|---|---|
| secured ☐ unsecured ☐ subordinated ☐ | $ N/A | N/A |
| secured ☐ unsecured ☐ subordinated ☐ | $ N/A | N/A |
| secured ☐ unsecured ☐ subordinated ☐ | $ N/A | N/A |
| secured ☐ unsecured ☐ subordinated ☐ | $ N/A | N/A |
| secured ☐ unsecured ☐ subordinated ☐ | $ N/A | N/A |

   d. Number of shares of preferred stock                       N/A
   e. Number of shares common stock [1]                         122,422,579

   Comments, if any: _____

3. Brief description of debtor=s business: Enjoy is a technology company that is reinventing "Commerce at Home" by partnering with the world's premium consumer brands to provide a personalized, high-touch retail experience in the comfort of home.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: [1]

Entities affiliated with King Street Capital Management, L.P., Entities affiliated with Riverwood Capital, LCH Enjoir, L.P., Marquee Raine Acquisition, Ronald Johnson, SCP Venture Fund I, L.P.

---

[1] The Debtor's disclosures regarding its equity securities are current as of June 29, 2022. The Debtor reserves the right to amend its disclosures if additional information becomes available.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENJOY TECHNOLOGY, INC. | Case No. 22-_____ (___) |
| Debtor. | Tax ID: 98-1566891 |

## CORPORATE OWNERSHIP STATEMENT

Enjoy Technology, Inc. is a publicly traded company.

The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

| Shareholder | Approximate Percentage of Units Held |
|---|---|
| LCH ENJOIR L.P. | 13.7% |

**Fill in this information to identify the case:**

Debtor name: Enjoy Technology, Inc.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders   12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Tangerine Promotions<br>900 Skokie Blvd<br>Northbrook, IL 60062 | P: 847-313-6000<br>ar@tangerinepromotions.com | Trade Debt | | | | $ 823,902.52 |
| 2 | TEG Staffing, Inc.<br>2355 Northside Drive, Suite 200<br>San Diego, CA 92108 | accounts.receivable@eastridge.com<br>kneumann@eastridge.com | Trade Debt | | | | $ 780,500.95 |
| 3 | The Abernathy MacGregor Group, Inc.<br>277 Park Avenue, 39th Floor<br>Manhattan, NY 10172 | P: 212-371-5999<br>jip@abmac.com<br>finance@abmac.com | Trade Debt | | | | $ 520,356.74 |
| 4 | Deloitte & Touche LLP<br>4022 Sells Drive<br>Hermitage, TN 37076 | P: 615-882-7600<br>F: 615-882-6600<br>shikhjain@deloitte.com<br>deloittepayments@deloitte.com | Professional Services | | | | $ 513,564.45 |
| 5 | MAP, Inc.<br>P.O. Box 735462<br>Chicago, IL 60693 | accountsreceivable@wheels.com | Trade Debt | | | | $ 400,000.00 |
| 6 | Donnelley Financial, LLC<br>35 West Wacker Drive<br>Chicago, IL 60601 | P: 866-319-7064<br>william.q.le@dfinsolutions.com<br>cashapplications@dfinsolutions.com | Trade Debt | | | | $ 332,619.77 |
| 7 | Xoriant Corporation<br>1248 Reamwood Ave<br>Sunnyvale, CA 94089 | P: 408-743-4400<br>sokha.khun@xoriant.com | Trade Debt | | | | $ 331,745.36 |
| 8 | Oracle America Inc<br>500 Oracle Parkway<br>Redwood Shores, CA 94065 | CollectionsTeam_US@oracle.com | Trade Debt | | | | $ 273,897.60 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Slack Technologies, Inc<br>500 Howard Street<br>San Francisco, CA 94105 | P: 559-670-0691<br>lleonard@slack-corp.com<br>mhoang@slack-corp.com | Trade Debt | | | | $ 272,611.38 |
| 10 | Kronos Incorporated<br>900 Chelmsford Street<br>Lowell, MA 01851 | P: 978-250-9800<br>klaverde@kronos.com<br>cash-receipts@ukg.com | Trade Debt | | | | $ 194,343.75 |
| 11 | W Services Group, LLC<br>500 Wheeler Rd<br>Hauppauge, NY 11788 | P: 631-651-9595<br>F: 631-651-9597<br>accounting@wservices.com | Trade Debt | | | | $ 176,931.91 |
| 12 | Drybern IV, LTd.<br>PO Box 2189<br>Addison, TX 75001 | P: 972-934-2233<br>apdrydencompany@gmail.com | Trade Debt | | | | $ 175,000.00 |
| 13 | Kelly Gordon Company, LP.<br>12241 Saratoga-Sunnyvale Road<br>Saratoga, CA 95070 | P: 408-873-8774<br>kellygordon@aol.com | Trade Debt | | | | $ 170,571.92 |
| 14 | CDW<br>200 N Milwaukee Ave<br>Vernon Hills, IL 60061 | P: 847-371-6090<br>achremittance@cdw.com | Trade Debt | | | | $ 153,438.74 |
| 15 | Marcia F. Gauger dba Impact Sales Training LLC<br>8224 State Road 83<br>Mukwonago, WI 53149 | marciag@makinganimpact.com | Trade Debt | | | | $ 152,156.50 |
| 16 | ServiceNow Inc.<br>2225 Lawson Lane<br>Santa Clara, CA 95054 | accountsreceivable@servicenow.com | Trade Debt | | | | $ 149,352.00 |
| 17 | Indeed Inc<br>6433 Champion Grandview Way Building 1<br>Austin, TX 78750 | billing@indeed.com | Trade Debt | | | | $ 121,212.41 |
| 18 | Winston & Strawn, LLP<br>35 W Wacker Drive<br>Chicago, IL 60601-9703 | P: 312-558-5600<br>F: 312-558-5700<br>BHunter@winston.com | Professional Services | | | | $ 118,387.67 |
| 19 | First Call Resolution, LLC<br>406 NE Winchester St<br>Roseburg, OR 97470 | accounting@gofcr.com | Trade Debt | | | | $ 116,954.45 |
| 20 | CFGI Holdings, LLC<br>1 Lincoln Street<br>Boston, MA 02111 | P: 617-531-8270<br>dhorn@cfgi.com | Trade Debt | | | | $ 106,996.50 |

Debtor  Enjoy Technology, Inc.                                    Case number (*if known*)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 Management Resource Systems, Inc<br>1907 Baker Road<br>High Point, NC 27263 | P: 336-861-1960<br>F: 336-861-3065<br>dwest@mrs1977.com | Trade Debt | | | | $ 104,259.26 |
| 22 AT&T Mobility<br>1025 Lenox Park Blvd Northeast<br>Atlanta, GA 30319 | | Trade Debt | | | | $ 100,354.38 |
| 23 Vetty Inc.<br>609 Greenwich St<br>New York, NY 10014 | subrat@vetty.co<br>billing@vetty.co | Trade Debt | | | | $ 86,300.87 |
| 24 MAAYEE, INC.<br>4485 Tench Road, Suite#341<br>Suwanee, GA 30024 | P: 678-889-6050<br>F: 678-765-2377<br>suni@maayeeinc.com | Trade Debt | | | | $ 82,800.00 |
| 25 Greenhouse Software, Inc.<br>18 W 18th Street, 11th Floor<br>New York, NY 10011 | accounting@greenhouse.io | Trade Debt | | | | $ 79,606.00 |
| 26 FTI Consulting, Inc.<br>555 12th Street NW, Suite 700<br>Washington, DC 20004 | jeff.rhodes@fticonsulting.com | Professional Services | | | | $ 77,470.00 |
| 27 Acadian Ambulance Service, Inc.<br>130 E Kaliste Saloom Road<br>Lafayette, LA 70508 | mechelle.williams@acadian.com | Trade Debt | | | | $ 77,088.44 |
| 28 LinkedIn Corporation<br>62228 Collections Center Drive<br>Chicago, IL 60693-0622 | ar-receipts@linkedin.com | Trade Debt | | | | $ 75,912.50 |
| 29 Absorb Software Inc<br>1011 9 Avenue Southeast, Suite 275<br>Calgary, AB T2G 0H7, Canada | billing@absorblms.com | Trade Debt | | | | $ 75,686.04 |
| 30 Twilio, Inc.<br>375 Beale Street<br>San Francisco, CA 94105 | P: 415-969-3215<br>krandhawa@twilio.com<br>remittance@twilio.com | Trade Debt | | | | $ 75,592.34 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Enjoy Technology, Inc..__

United States Bankruptcy Court for the: _____    District of __Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/30/2022__        ✗ __/s/ Tiffany N. Meriweather__
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

__Tiffany N. Meriweather__
Printed name

__Chief Legal Officer and Corporate Secretary__
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# ACTION BY UNANIMOUS WRITTEN CONSENT
# OF THE BOARD OF DIRECTORS
# OF
# ENJOY TECHNOLOGY, INC.

### JUNE 29, 2022

The undersigned, constituting all of the members of the Board of Directors (the "**Board**") of Enjoy Technology, Inc., a Delaware corporation (the "**Company**"), pursuant to Section 141(f) of the Delaware General Corporation Law, hereby adopt the following resolutions by unanimous written consent:

**APPROVAL OF CHAPTER 11 PETITION**

**WHEREAS,** in light of the Company's financial condition, the Company was directed to formally engage certain professionals to advise the Company on the restructuring of the Company, including seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), if advisable; and

**WHEREAS,** the Company was previously directed to conduct a process for the marketing and sale of substantially all or a portion of the assets of the Company and its affiliates; and

**WHEREAS,** the Company has reviewed the materials presented by its financial and other advisors, and the Board has engaged in numerous and extensive discussions (including, without limitation, with management and professional advisors) regarding the Company's financial condition, including its liabilities and liquidity position, strategic alternatives available to it, and the impact of the foregoing on the Company's business and operations; and

**WHEREAS,** the Board has formed a Strategic Review Committee (the "Special Committee") comprised of independent directors for the purpose of advising on the strategic alternatives available to the Company; and

**WHEREAS,** having considered the advice of financial and other advisors, and the Special Committee, the Company and the Board have determined that it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of chapter 11 of the Bankruptcy Code (the "Chapter 11 Case");

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined, after due consultation with members of the Company's management and the legal and financial advisors of the Company, that it is advisable and in the best interests of the Company and all of its residual claimants, including its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code to commence the Chapter 11 Case and any other order that may be desirable under applicable law; and it is further

**RESOLVED**, that each of the Chief Executive Officer, the Chief Legal Officer and Corporate Secretary (each an "Authorized Officer") on behalf of the Company be, and

each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify a petition under chapter 11 of the Bankruptcy Code (including any and all plans, schedules, statements, motions, lists, applications, pleadings, orders, and other documents) and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time or in such other jurisdiction as the Authorized Officer executing the petition shall determine; and it is further

**RESOLVED**, that the law firms of Cooley LLP and Richards, Layton & Finger, P.A. be, and hereby are, employed as attorneys for the Company under respective general retainers in any such chapter 11 case, subject to approval of the Bankruptcy Court; and it is further

**RESOLVED**, that the firm of AP Services, LLC ("APS"), an affiliate of AlixPartners, LLP (collectively with APS, "AlixPartners"), be, and hereby is, employed to provide interim management resources and restructuring advisory services to assist the Company in any such chapter 11 case, with Todd Zoha to serve as Chief Financial Officer and John Boken to serve as Senior Strategic Advisor, assisted by other APS professionals at various levels as required, subject to approval of the Bankruptcy Court and AlixPartners' internal approvals; and it is further

**RESOLVED**, that the firm of Centerview Partners LLC be, and hereby is, employed as investment banker for the Company under a general retainer in any such chapter 11 case, subject to approval of the Bankruptcy Court; and it is further

**RESOLVED**, that Stretto, Inc. be, and hereby is, employed as claims and noticing agent and administrative agent for the Company under a general retainer in any such chapter 11 case, subject to approval of the Bankruptcy Court; and it is further

**RESOLVED**, that in connection with the commencement of any chapter 11 case, the Company hereby (i) approves the terms and provisions of that certain Term Sheet for a Secured Superpriority Priming Debtor-in-Possession Non-Amortizing Facility in substantially the form presented to the Board (the "DIP Term Sheet") by and among Asurion, LLC, as lender, and the Company, providing for a credit facility of up to $55 million on the closing date of the financing referenced in this paragraph, which will be secured by certain of the assets of the Company and the other borrowers and guarantors thereunder, (ii) consents to, authorizes and directs the execution, delivery and the performance thereof by the Company, (iii) consents to, authorizes and directs the Authorized Officers, on behalf of the Company, to enter into other documents evidencing or documenting the DIP Term Sheet, including any loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments related thereto in each case in such form as an Authorized Officer may approve, and making changes to the DIP Term Sheet, as may be deemed necessary or appropriate by the Authorized Officer (such approval and the approval of the Board to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Officer), and (iv) consents to and authorizes the amendment, extension, supplementation, or other modifications of any documents, certificates, agreements or other writings related to the DIP Term Sheet; provided that any material amendments, extensions, supplements or modifications of the DIP Term Sheet are subject to review and consent by the Board; and it is further

**RESOLVED**, that Authorized Officers be, and each of them here is, acting singly or together, authorized and directed in the name of and on behalf of the Company to (i) enter into negotiations with any interested parties regarding a purchase of any or all of the assets (of any kind) of any or all of the Company's or any of the Company's other direct or indirect subsidiaries, whether pursuant to a plan or otherwise (such sale, a "Sale"), (ii) file a motion with the Bankruptcy Court seeking approval of bidding procedures to be used to facilitate the Sale, (iii) execute and deliver an agreement providing for such Sale (the "Sale Agreement") in connection with the Sale, (iv) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval for the transaction contemplated thereby, (v) if the Authorized Officers deem it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local, or non-U.S. law to sell such assets in a Sale, (vi) to organize and manage a sale process for such assets, which may take the form of an auction or any other process which may include the identification of a stalking horse bidder, as well as negotiate and entering into an agreement with such stalking horse bidder, and (vii) enter into such additional agreements, consents, certificates, amendments, and instructions as may be necessary to obtain approval for and effect the transaction contemplated thereby; provided that the foregoing shall be subject to review and consent by the Board in connection with the Sale or potential Sale of all or a material portion of the assets of the Company; and it is further

**RESOLVED**, that in connection with the chapter 11 case, each Authorized Officer, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to cause the Company to take such actions and execute such documents as are necessary to effectuate a Sale or Sales of the assets of the Company, in a manner determined by the Authorized Officer to represent the best interests of the Company and its creditors, provided that any Sale or potential Sale of all or a material portion of the assets of the Company shall be subject to review and consent by the Board; and it is further

**RESOLVED**, that each Authorized Officer be, and each hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; provided that the retention of professionals in connection with the Company's chapter 11 case that are in addition to Cooley LLP, Richards, Layton & Finger, P.A., AlixPartners, Centerview Partners LLC and Stretto, Inc. shall be subject to review and consent by the Board; and it is further

**RESOLVED**, that each Authorized Officer and such other officers of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be

3

or become necessary, proper, and desirable, to effectuate the successful prosecution of the Company's chapter 11 case, with a view to the successful prosecution of such case; provided that each of the foregoing shall be subject to review and consent by the Board with respect to any act or transaction that does not fall within the ordinary course of business of the Company; and it is further

**RESOLVED**, that each Authorized Officer be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute such consents on behalf of the Company as such Authorized Officer considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and it is further

**RESOLVED**, that each Authorized Officer be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to take such other actions on behalf of the Company as approved and authorized by the Special Committee to the extent such authorization and approval is within the Special Committee's power and authority provided to it by the Board; and it is further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officers of the company in the name of and on behalf of the Company in furtherance of any or all of the proceeding resolutions be, and the same hereby are, ratified, confirmed, approved and adopted as a duly authorized act of the Company in all respects and for all purposes.

[SIGNATURE PAGE FOLLOWS]

271258597 v2

This Action by Unanimous Written Consent may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail (including pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, Uniform Electronic Transactions Act or other applicable law) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes. This Action by Unanimous Written Consent shall be filed with the minutes of the proceedings of the Board of the Company.

**IN WITNESS WHEREOF,** the undersigned has executed this Action by Unanimous Written Consent as of the date set forth above.

_____
Ron Johnson

_____
Jonathan Mariner

_____
Salaam Coleman Smith

_____
Thomas Ricketts

_____
Brett Varsov

_____
Denise Young Smith

_____
Gideon Yu

_____
Alan Carr

_____
William Transier

5

271258597 v2