**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
|  | ) |
| ENJOY TECHNOLOGY, INC., *et al.*,[1] | ) Case No. 22-_____ (___) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |

**MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS**
**(I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION**
**AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

By this motion (the "Motion"), the above-captioned debtors and debtors in possession (the "Debtors") seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order"), respectively, pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing the Debtors to remit and pay Taxes and Fees (as defined herein) without regard to whether such obligations accrued or arose before or after the Petition Date, and (ii) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of John Boken in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors, by and through their undersigned proposed counsel, respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Enjoy Technology, Inc. (6891); Enjoy Technology Operating Corp. (4543); Enjoy Technology LLC (0230). The location of the Debtors' service address in these chapter 11 cases is 3240 Hillview Avenue, Palo Alto, CA 94304.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1(m).

## GENERAL BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5.      The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      To date, no official committees have been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or examiner.

7.      The Debtors commenced these Chapter 11 Cases due to a rapidly declining cash position that has rendered them unable to pay operating expenses, including payroll.  The Debtors are seeking immediate approval of a debtor-in-possession financing facility to be provided from Asurion, LLC ("Asurion") to fund the Debtors' operating expenses and the consummation of a sale of substantially all of their U.S. assets.  The Debtors intend to expeditiously file a motion to

approve bidding procedures and designate Asurion as the stalking-horse bidder for the sale of substantially all of their U.S. assets. Pending the approval of the sale, the Debtors will continue to operate in the ordinary course of business and provide uninterrupted, top-quality service.

8.      A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, is set forth in greater detail in the First Day Declaration, which is incorporated by reference herein.

## THE TAXES AND FEES

13.     The Debtors collect, withhold, and incur sales, use, withholding, income, and property taxes, as well as other business and regulatory fees and assessments (collectively, the "Taxes and Fees").[3] The Debtors remit the Taxes and Fees to various federal, state, and local governments, including taxing and licensing authorities, identified in a schedule attached hereto as **Exhibit C** (collectively, the "Authorities").[4] Taxes and Fees are remitted and paid by the Debtors through checks and electronic funds transfers that are processed through their banks and other financial institutions. The Debtors estimate that approximately $139,500 in Taxes and Fees are outstanding as of the Petition Date, of which $50,700 is currently payable or will become due and owing to the Authorities in the first twenty-one (21) days after the Petition Date.

---

[3] By this Motion, the Debtors do not seek the authority to collect and remit state and federal employee-related taxes and withholdings. Such relief is instead requested in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, (II) Authorizing all Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations, and (III) Granting Related Relief*, filed contemporaneously herewith.

[4] Although **Exhibit C** is intended to be comprehensive, the Debtors may have inadvertently omitted Authorities from **Exhibit C**. By this Motion, the Debtors request relief with respect to Taxes and Fees payable to all Authorities, regardless of whether such Authority is specifically identified on **Exhibit C**. In the event the Debtors pay any Authority not included on **Exhibit C**, the Debtors will file a notice with the Court listing such Authority within 15 days of such payment.

3

14.     The Debtors pay the Taxes and Fees to the Authorities on a periodic basis, remitting them monthly, semi-monthly, quarterly, semi-annually, or annually depending on the nature and incurrence of a particular Tax or Fee.  The Debtors seek authority pursuant to this Motion to make such payments with respect to Taxes and Fees where: (a) Taxes and Fees accrued or were incurred prepetition but were not paid prepetition or were paid in an amount less than actually owed; (b) Taxes and Fees paid prepetition by the Debtors were lost or otherwise not received in full by any of the Authorities; or (c) Taxes and Fees incurred for prepetition periods may become due after the commencement of these Chapter 11 Cases.

15.     In addition, the Debtors collect and hold certain outstanding Taxes and Fees in trust for the benefit of the applicable Authorities, and these funds may not constitute property of the Debtors' estates.

16.     The Taxes and Fees are summarized as follows:

| Category | Description | Approximate Amount Accrued as of Petition Date | Approximate Amount Due During Interim Period |
|---|---|---|---|
| **Sales and Use Taxes** | Taxes imposed on the sale and use of certain goods and services. | $600 | $600 |
| **Income and Franchise Taxes** | Taxes imposed on income and taxes to operate their businesses pursuant to US federal and state laws. | $38,700 | $0 |
| **Regulatory, Environmental, and Other Taxes and Fees.** | Fees related to permitting, licensing, regulatory assessments, tolls, traffic violations, compliance with environmental laws and regulations, and other fees paid to the Authorities.[5] | $13,800 | $6,900 |

---

[5] The Debtors pay the vast majority of these Authorities through reimbursable travel and expense payments to their employees.  Consequently, these parties are not readily distinguishable in the Debtors' books and records and are not necessarily included on **Exhibit C**.  The Debtors reserve the right to amend **Exhibit C** as needed.

4

| Category | Description | Approximate Amount Accrued as of Petition Date | Approximate Amount Due During Interim Period |
|---|---|---|---|
| **Property Taxes** | Direct taxes and obligations related to real and personal property holdings. | $86,400 | $43,200 |
| **Total** | | **$139,500** | **$50,700** |

## I.      Sales and Use Taxes.

17.      The Debtors incur, collect, and remit sales and use taxes, to the Authorities in connection with the sale and purchase of goods and services (collectively, the "Sales and Use Taxes").  The Debtors purchase a variety of equipment, materials, supplies, and services necessary for the operation of their business from certain vendors who collect sales taxes in connection with the Debtors purchase of such goods or services.  Additionally, the Debtors incur use taxes for the purchase of equipment, materials, supplies, and services when vendors do not, or are not registered to, collect sales taxes.  In these cases, applicable law generally requires the Debtors to subsequently pay use taxes on such purchases to the applicable Authorities. The Debtors generally remit Sales and Use Taxes on a monthly basis.

18.      On average, the Debtors pay approximately $600 per month in aggregate Sales and Use Taxes to the Authorities.  As of the Petition Date, the Debtors estimate that they have incurred or collected approximately $600 in Sales and Use Taxes that have not been remitted to the relevant Authorities, all of which will be payable during the first twenty-one (21) days following the Petition Date.

## II.      Income Taxes.

19.      The Debtors are required to pay various state income taxes (collectively, the "Income Taxes") in order to continue conducting their businesses in accordance with state laws.  The Debtors generally remit Income Taxes on a periodic basis.  Failure to pay the Income

5

Taxes would likely enable the applicable Authorities to assert liens or commence enforcement actions against the Debtors.  Such liens or enforcement actions would disrupt the Debtors' business operations to the detriment of the Debtors' stakeholders.   In 2021, the Debtors remitted approximately $96,700 in Income Taxes to the applicable Authorities.  As of the Petition Date, the Debtors estimate that they owe approximately $38,700 to the applicable Authorities on account of prepetition Income Taxes, none of which will become due and owing within twenty-one (21) days following the Petition Date.

### III.    Regulatory, Environmental, and Other Taxes and Fees.

20.    Many state and local Authorities require the Debtors to pay fees related to permitting, licensing, regulatory assessments, tolls, traffic violations, compliance with environmental laws and regulations, and other related fees (the "Regulatory Fees").  Payment of the Regulatory Fees is often a condition to the Debtors conducting business within the applicable jurisdiction.   In 2021, the Debtors remitted approximately $19,700 in Regulatory Fees to the applicable Authorities.  As of the Petition Date, the Debtors estimate that they owe approximately $13,800 to the applicable Authorities on account of prepetition Regulatory Fees, $6,900 of which will become due and owing within twenty-one (21) days following the Petition Date.

### IV.    Property Taxes.

21.    State and local laws in the jurisdictions where the Debtors operate generally grant Authorities the power to levy property taxes against the Debtors' real and personal property (collectively, the "Property Taxes").  To avoid the imposition of statutory liens on their real and personal property, the Debtors typically pay Property Taxes on property that they own in the ordinary course of business on an annual or semi-annual basis, depending on the Authority.  In 2021, the Debtors paid approximately $123,400 in Property Taxes to the applicable Authorities. The Debtors estimate that they have accrued approximately $86,400 in Property Taxes as of the

6

Petition Date, of which approximately $43,200 is currently payable or will become payable during the first twenty-one (21) days following the Petition Date.

## RELIEF REQUESTED

22.     The Debtors seek entry of Interim and Final Orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (a) authorizing the Debtors to remit and pay Taxes and Fees (as defined herein) without regard to whether such obligations accrued or arose before or after the Petition Date, and (b) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing.  For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties-in-interest, and therefore, should be granted.

## BASIS FOR RELIEF

23.     The Debtors believe that any failure to pay the Taxes and Fees could materially disrupt the Debtors' business operations in several ways:  (a) the Authorities may initiate audits of the Debtors, which would unnecessarily divert the Debtors' attention from the restructuring process; (b) the Authorities may attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and pursue other remedies that will harm the estates; and (c) certain of the Debtors' directors and officers could be subject to claims of personal liability, which would likely distract them from their duties related to the Debtors' restructuring.  In addition, the Debtors collect and hold certain Taxes and Fees in trust for the benefit of the applicable Authorities, and these funds may not constitute property of the Debtors' estates.  Moreover, unpaid Taxes and Fees may result in penalties, the accrual of interest, or both.

## I.      Certain of the Taxes and Fees May Not Be Property of the Debtors' Estates.

24.     Many of the Taxes and Fees are collected or withheld by the Debtors on behalf of the applicable Authorities and are held in trust by the Debtors.  As such, these Taxes and Fees are

7

not property of the Debtors' estates under section 541 of the Bankruptcy Code.  *See, e.g.*, *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding that any prepetition payment of trust fund taxes is not a transfer subject to avoidance because such funds are not the debtor's property); *In re Shank*, 792 F.2d 829, 833 (9th Cir. 1986) (sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 435–36 (2d Cir. 1985) (same).  To the extent these "trust fund" taxes are collected, they are property of the Debtors' estates under section 541(d) of the Bankruptcy Code.  *See In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 104–05 (Bankr. E.D. Pa. 1987).  The Debtors, therefore, may not have an equitable interest in such funds, and, therefore, they should be permitted to pay those funds to the Authorities as they become due.[6]

## II.    Certain of the Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment under the Bankruptcy Code.

25.    Claims for certain of the Taxes and Fees are or may be priority claims entitled to payment before general unsecured claims.  *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment).  Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Authorities may attempt to assess interest and penalties if such amounts are not paid.  *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code.  Therefore, payment of certain of the Taxes and Fees at this time only affects

---

[6] For the avoidance of doubt, the Debtors hereby request authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

8

the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors.

26.     It is also likely that some of the Taxes and Fees may be entitled to secured status on the property owned by the Debtors.  As secured claims, these Taxes and Fees would be entitled to priority treatment when the Debtors sell the property that these Taxes and Fees are recorded against or when the Debtors confirm a plan of reorganization.  *See* 11 U.S.C. §§ 506(a), 1129(a)(9)(C); 1129(b)(2)(A) (requiring that any plan of reorganization "crammed down" over a class of secured creditors pay those creditors in full or allow those creditors to retain their liens). Thus, paying the Taxes and Fees only affects the timing of the payments and does not prejudice the rights of other creditors of the Debtors.

### III.    Payment of the Taxes and Fees as Provided Herein Is a Sound Exercise of the Debtors' Business Judgment.

27.     Courts have recognized that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estates, including an operating business's going-concern value.  *See, e.g.*, *In re Just for Feet, Inc.*, 242 B.R. 821, 825–26 (D. Del. 1999); *see also In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175–76 (Bankr. S.D.N.Y. 1989); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (S.D.N.Y. 1983).  In so doing, these courts acknowledge that several legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment of prepetition claims.

28.     Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  "In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound

business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (collecting cases); *see also Armstrong World*, 29 B.R. at 397 (relying on section 363 to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors); *Ionosphere Clubs*, 98 B.R. at 175 (finding that a sound business justification existed to justify payment of certain prepetition wages); *In re Phx. Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (requiring the debtor to show a "good business reason" for a proposed transaction under section 363(b)).

29.    Courts also authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code codifies a bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Under section 105(a), courts may authorize pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's businesses.  *See Just for Feet*, 242 B.R. at 825−26. Specifically, a court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity").  *See, e.g.*, *Ionosphere Clubs*, 98 B.R. at 176; *In re Lehigh & New England Railway Co.*, 657 F.2d 570 (3d Cir. 1981) (stating that courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *see also In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (noting that, in the Third Circuit, debtors may pay prepetition claims that are essential to the continued operation of the business).  A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to

10

facilitate the rehabilitation of the debtor is not a novel concept." *Ionosphere Clubs*, 98 B.R. at 175–76 (citing *Miltenberger v. Logansport, C. & S.W. Ry. Co.*, 106 U.S. 286 (1882)). Indeed, at least one court has recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the preplan satisfaction of a prepetition claim." *In re CoServ*, 273 B.R. at 497.

30.     The Debtors' ability to pay the Taxes and Fees is critical to their continued and uninterrupted operations.  If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting these key personnel from the administration of the Debtors' chapter 11 cases. *See e.g.*, *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax" and finding director personally liable for unpaid taxes) (citing *United States v. Energy Res. Co.*, 495 U.S. 545, 547 (1990)).  Any collection action on account of such claims, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest.  The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' continued operations and essential to the orderly administration and, ultimately, the success of these Chapter 11 Cases.

31.     Furthermore, the Debtors' liability to pay the Taxes and Fees may ultimately result in increased tax liability for the Debtors if interest and penalties accrue on the claims for Taxes and Fees, which amounts may also be entitled to priority treatment.  Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders.  As noted above, many of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8)(C) of the

11

Bankruptcy Code. As priority claims, these obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied. To the extent that the Debtors are not able to timely pay the prepetition Taxes and Fees, they may ultimately be required to pay those amounts with additional interest and penalties. The Debtors' failure to pay the prepetition Taxes and Fees as they come due may, thus, ultimately increase the amount of priority claims held by the Authorities against the Debtors' estates to the detriment of the Debtors' general unsecured creditors. *See* 11 U.S.C. §§ 507(a)(8)(C) and 507(a)(8)(G). Accordingly, the Court should grant the Debtors authority to pay the prepetition Taxes and Fees as provided herein.

32.     Courts in this jurisdiction have authorized payment of prepetition taxes under sections 105(a) and 363(b) of the Bankruptcy Code. *See, e.g.*, *In re Highpoint Res. Corp.*, No. 21-10565 (CSS) (Bankr. D. Del. Mar. 26, 2021) (authorizing debtors to pay prepetition taxes and fees in the ordinary course of business); *In re Renovate America, Inc.*, No. 20-13172 (LSS) (Bankr. D. Del. Jan. 22, 2021) (same); *In re BC Hospitality Grp. Inc.*, No. 20-13103 (BLS) (Bankr. D. Del. Jan. 4, 2021) (same); *In re Rubio's Restaurants, Inc.*, No. 20-12688 (MFW) (Bankr. D. Nov. 18, 2020) (same).

## PROCESSING OF CHECKS AND ELECTRONIC FUND TRANSFERS SHOULD BE AUTHORIZED

33.     The Debtors have sufficient funds to pay the amounts described in this Motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations, debtor in possession financing, and anticipated access to cash collateral. In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to any authorized payment in respect of the relief requested herein. Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. Therefore, the Debtors respectfully

request that the Court authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

34.     Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.  The Third Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions.  In that context, the court has instructed that irreparable harm is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.  *See, e.g.*, *Norfolk S. Ry. Co. v. City of Pittsburgh*, 235 Fed. App'x 907, 910 (3d Cir. 2007) (citing *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)).  Furthermore, the harm must be shown to be actual and imminent, not speculative or unsubstantiated.  *See, e.g.*, *Acierno v. New Castle County*, 40 F.3d 645, 653-55 (3d Cir. 1994).  The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and, accordingly, should be granted.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

35.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

36.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the interim or final orders is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of any party's rights to

dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of any party's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by any party that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and all parties' rights to contest the extent, validity, or perfection or seek avoidance of all such liens are hereby reserved.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of any party's rights to subsequently dispute such claim.

## NOTICE

37.     The Debtors have provided notice of this Motion to the following parties or their respective counsel: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) Gibson Dunn & Crutcher LLP and Pachulski Stang Ziehl & Jones LLP, as counsel to the DIP Lender; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney's Office for the District of Delaware and all other states in which the Debtors operate; (vii) the Authorities; and (ix) all parties entitled to notice pursuant to Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>NO PRIOR REQUEST</u>**

38.     No prior request for the relief sought in this Motion has been made to this or any other court.

**<u>CONCLUSION</u>**

**WHEREFORE**, the Debtors respectfully request that the Court enter Interim and Final Orders, substantially in the forms attached hereto as **<u>Exhibit A</u>** and **<u>Exhibit B</u>**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

*[Signature Page Follows]*

15

Dated: June 30, 2022
   Wilmington, Delaware

Respectfully submitted,

*/s/ Daniel J. DeFranceschi*

Daniel J. DeFranceschi, Esq. (No. 2732)
Paul N. Heath, Esq. (No. 3704)
Brendan J. Schlauch, Esq. (No. 6115)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile:  (302) 651-7701
Email:  defranceschi@rlf.com
   heath@rlf.com
   schlauch@rlf.com

-and-

Cullen Drescher Speckhart, Esq.
Weiru Fang, Esq.
**COOLEY LLP**
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone:  (202) 842-7800
Facsimile:  (202) 842-7899
Email:  cspeckhart@cooley.com
   wfang@cooley.com

-and-

Michael A. Klein, Esq.
Evan M. Lazerowitz, Esq.
Joseph W. Brown, Esq.
**COOLEY LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Facsimile:  (212) 479-6275
Email:  mklein@cooley.com
   elazerowitz@cooley.com
   jbrown@cooley.com

*Proposed Counsel for the Debtors*

16

# **EXHIBIT A**

## **Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENJOY TECHNOLOGY, INC., *et al.*, | ) Case No. 22-_____ (___) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

## INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (i) authorizing the Debtors to remit and pay undisputed Taxes and Fees in the ordinary course of business, whether incurred before or after the Petition Date, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Enjoy Technology, Inc. (6891); Enjoy Technology Operating Corp. (4543); Enjoy Technology LLC (0230).  The location of the Debtors' service address in these chapter 11 cases is 3240 Hillview Avenue, Palo Alto, CA 94304.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.        The Motion is GRANTED on an interim basis as set forth herein.

2.        The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on _____, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed with the Court **by no later than 4:00 p.m., prevailing Eastern Time, on** _____, and served on the following parties: (i) proposed counsel to the Debtors, Cooley LLP, 1299 Pennsylvania Avenue, NW, Suite 700, Washington, DC 20004 (Attn: Cullen D. Speckhart (cspeckhart@cooley.com) and Weiru Fang (wfang@cooley.com), and Cooley LLP, 55 Hudson Yards, New York, NY 1000 (Attn: Michael A. Klein (mklein@cooley.com), Evan M. Lazerowitz (elazerowitz@cooley.com), and Joseph W. Brown (jbrown@cooley.com); (ii) proposed co-counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi (defranceschi@RLF.com), Paul N. Heath (heath@rlf.com), and Brendan J. Schlauch (schlauch@rlf.com)); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard Shepacarter (richard.schepacarter@usdoj.gov)); (iv) Gibson Dunn & Crutcher LLP, as counsel to the DIP Lender (Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Matthew J. Williams (mjwilliams@gibsondunn.com), Michael S. Neumeister (mneumeister@gibsondunn.com)); (v) Pachulski Stang Ziehl & Jones LLP, as co-counsel to the

2

DIP Lender (Attn: Laura Davis Jones (ljones@pszjlaw.com)); (vi) counsel to any statutory committee that has been appointed in the Chapter 11 Cases.

3.        The Debtors are authorized, but not directed, to (a) pay or remit the Taxes and Fees that accrued prior to the Petition Date and that will become payable in the ordinary course during the pendency of these Chapter 11 Cases at such time when the Taxes and Fees are payable, in an aggregate interim amount not to exceed $50,700 (the "Interim Cap") and (b) pay Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis consistent with prepetition practices.

4.        Expenditures under the Interim Cap shall be consistent with the following chart:

| Category | Approximate Amount Due During Interim Period |
|---|---|
| Sales and Use Taxes | $600 |
| Income and Franchise Taxes | $0 |
| Regulatory, Environmental, and Other Taxes and Fees. | $6,900 |
| Property Taxes | $43,200 |

5.        The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

6.        Notwithstanding anything contained in the Motion or this Interim Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in

3

compliance with the *Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Superpriority Administrative Expense Claims, (D) Granting Adequate Protection to the Prepetition Lender, and (E) Modifying the Automatic Stay, and (F) Granting Related Relief* (the "Interim DIP Order," and together with the final order granting similar relief, the "DIP Orders").  To the extent there is any inconsistency between the DIP Orders, the Motion, or the Interim Order, the terms of the DIP Orders shall control.

7.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

4

9.      Notwithstanding anything contained in the Motion or this Interim Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the Debtors' use of cash collateral, including, without limitation, any budget in connection therewith (collectively, the "DIP Order"). To the extent there is any inconsistency between the DIP Order, the Motion, or the Interim Order, the terms of the DIP Order shall control.

10.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**EXHIBIT B**

**Proposed Final Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

<table>
<tr><td>In re:</td><td>)</td><td>Chapter 11</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>ENJOY TECHNOLOGY, INC., <i>et al.</i>,[1]</td><td>)</td><td>Case No. 22-_____ (___)</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Debtors.</td><td>)</td><td>(Jointly Administered)</td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

## FINAL ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (i) authorizing the Debtors to remit and pay undisputed Taxes and Fees in the ordinary course of business, whether incurred before or after the Petition Date, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Enjoy Technology, Inc. (6891); Enjoy Technology Operating Corp. (4543); Enjoy Technology LLC (0230). The location of the Debtors' service address in these chapter 11 cases is 3240 Hillview Avenue, Palo Alto, CA 94304.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

requested therein at a hearing, if any, before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is GRANTED on a final basis as set forth herein.

2.    Any objections to the Motion not resolved or otherwise withdrawn are OVERRULED.

3.    The Debtors are authorized, but not directed, to (a) pay or remit the Taxes and Fees that accrued prior to the Petition Date and that will become payable in the ordinary course during the pendency of these Chapter 11 Cases at such time when the Taxes and Fees are payable, in an aggregate amount not to exceed $139,500 (the "<u>Final Cap</u>") and (b) pay Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis consistent with prepetition practices.

4.    Expenditures under the Final Cap shall be consistent with the following chart:

| Category | Approximate Amount Accrued as of Petition Date |
|---|---|
| **Sales and Use Taxes** | $600 |
| **Income and Franchise Taxes** | $38,700 |
| **Regulatory, Environmental, and Other Taxes and Fees.** | $13,800 |
| **Property Taxes** | $86,400 |

5.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented

2

for payment, and all such banks and financial institutions are authorized to rely on the Debtors'
designation of any particular check or electronic payment request as approved by this Final Order.

6.      Notwithstanding anything contained in the Motion or this Final Order, any payment
made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance
with the *Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B)
Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Superpriority
Administrative Expense Claims, (D) Granting Adequate Protection to the Prepetition Lender, and
(E) Modifying the Automatic Stay, and (F) Granting Related Relief* (the "Interim DIP Order," and
together with the final order granting similar relief, the "DIP Orders").  To the extent there is any
inconsistency between the DIP Orders, the Motion, or the Final Order, the terms of the DIP Orders
shall control.

7.      Notwithstanding the relief granted in this Final Order and any actions taken
pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the
validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other
party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or
requirement to pay any prepetition claim; (d) an implication or admission that any particular claim
is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to
assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy
Code; (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code
or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common
law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties
in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of
all such liens.

3

8.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

9.     Notwithstanding anything contained in the Motion or this Final Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and/or authorizing the Debtors' use of cash collateral, including, without limitation, any budget in connection therewith (collectively, the "DIP Order").  To the extent there is any inconsistency between the DIP Order, the Motion, or the Final Order, the terms of the DIP Order shall control.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

4

**Exhibit C**

**Taxing Authorities**

| Nature of Tax | Tax Authority Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| PROPERTY | JEFFERSON COUNTY TAX COLLECTOR | 716 RICHARD ARRINGTON JR BLVD N, RM 160 | BIRMINGHAM | AL | 35203 |
| PROPERTY | PULASKI COUNTY TREASURER | PO BOX 8101 | LITTLE ROCK | AR | 72203 |
| PROPERTY | MARICOPA COUNTY TREASURER | 301 W JEFFERSON STE 100 | PHOENIX | AZ | 85003 |
| PROPERTY | ALAMEDA COUNTY TREASURER AND TAX COLLECTOR | 1221 OAK STREET, ROOM 131 | OAKLAND | CA | 94612 |
| PROPERTY | FRESNO COUNTY TAX-COLLECTOR | P.O. BOX 1192 | FRESNO | CA | 93715-1192 |
| PROPERTY | LOS ANGELES COUNTY TAX COLLECTOR | P.O. BOX 54018 | LOS ANGELES | CA | 90054-0018 |
| PROPERTY | ORANGE COUNTY TAX COLLECTOR | 625 N  ROSS ST BLDG 11 RMG58 | SANTA ANA | CA | 92702 |
| PROPERTY | SACRAMENTO COUNTY TAX COLLECTOR | 700 H ST RM 1710 | SACRAMENTO | CA | 95814 |
| PROPERTY | SAN DIEGO COUNTY TREASURER - TAX COLLECTOR | 1600 PACIFIC HWY, ROOM 162 | SAN DIEGO | CA | 92101 |
| PROPERTY | SAN MATEO COUNTY TAX COLLECTOR | 555 COUNTY CENTER 1ST FL | SAN MATEO | CA | 94063 |
| PROPERTY | SANTA CLARA COUNTY TAX COLLECTOR | 70 W HEDDING ST E WING 6TH FL | SANTA CLARA | CA | 95110-1767 |
| PROPERTY | JEFFERSON COUNTY TREASURER | 100 JEFFERSON COUNTY PKWY, STE 2520 | GOLDEN | CO | 80419-2520 |
| PROPERTY | BERLIN TOWN TAX COLLECTOR | PO BOX 150410 | HARTFORD | CT | 06115-0410 |

| PROPERTY | DUVAL COUNTY TAX COLLECTOR | PO BOX 44009 | JACKSONVILLE | FL | 32231-4009 |
|---|---|---|---|---|---|
| PROPERTY | HILLSBOROUGH COUNTY TAX COLLECTOR | PO BOX 30012 | TAMPA | FL | 33602-4932 |
| PROPERTY | MIAMI-DADE COUNTY TAX COLLECTOR | 200 NW 2ND AVE | MIAMI | FL | 33128 |
| PROPERTY | ORANGE COUNTY TAX COLLECTOR | PO BOX 2551 | ORLANDO | FL | 32801 |
| PROPERTY | PALM BEACH COUNTY TAX COLLECTOR | PO BOX 3353 | PALM BEACH | FL | 33402-3353 |
| PROPERTY | DEKALB COUNTY TAX COMMISSIONER | PO BOX 100004 | DECATUR | GA | 30031-7004 |
| PROPERTY | FULTON COUNTY TAX COMMISSIONER | 141 PRYOR ST SW STE 1085 | ATLANTA | GA | 30303 |
| PROPERTY | COOK COUNTY TREASURER | PO BOX 805436 | CHICAGO | IL | 60680-4155 |
| PROPERTY | MARION COUNTY TREASURER | PO BOX 6145 | INDIANAPOLIS | IN | 46206-6145 |
| PROPERTY | CALDWELL COUNTY TREASURER | 100 E MARKET STREET, ROOM 11-A | PRINCETON | KY | 42445 |
| PROPERTY | JEFFERSON COUNTY SHERIFF'S OFFICE | PO BOX 34570 | LOUISVILLE | KY | 40232-4570 |
| PROPERTY | ST CHARLES PARISH TAX COLLECTOR | PO BOX 440 | HAHNVILLE | LA | 70057 |
| PROPERTY | ST MARTIN PARISH SHERIFF | PO BOX 247 | ST MARTINVILLE | LA | 70582-0247 |
| PROPERTY | BOSTON CITY TAX COLLECTOR | PO BOX 55810 | BOSTON | MA | 02205 |
| PROPERTY | NORFOLK TOWN TREASURER | ONE LIBERTY LN | NORFOLK | MA | 02056 |

| PROPERTY | WILMINGTON TOWN TREASURER COLLECTOR | PO BOX 2000 | WILMINGTON | MA | 01887 |
|----------|---------|---------|---------|-----|---------|
| PROPERTY | BALTIMORE COUNTY TREASURER | PO BOX 64281 | BALTIMORE | MD | 21264-4281 |
| PROPERTY | DETROIT CITY TAX COLLECTOR | PO BOX 33193 | DETROIT | MI | 48232-3193 |
| PROPERTY | FARMINGTON HILLS CITY TREASURER | 31555 W ELEVEN MILE RD | FARMINGTON HILLS | MI | 48336 |
| PROPERTY | HENNEPIN COUNTY TREASURER | A-600 GOVERNMENT CENTER 300 S.SIXTH ST | MINNEAPOLIS | MN | 55487-0060 |
| PROPERTY | WYANDOTTE CITY TREASURER | PO BOX 77000 | DETROIT | MO | 48277-0818 |
| PROPERTY | MECKLENBURG COUNTY TAX COLLECTOR | PO BOX 71063 | CHARLOTTE | NC | 28272-1063 |
| PROPERTY | WAKE COUNTY REVENUE DEPARTMENT | PO BOX 2331 | RALEIGH | NC | 27602-2331 |
| PROPERTY | UNION CITY-HUDSON | 3715 PALISADES AVE | UNION CITY | NJ | 07087 |
| PROPERTY | CLARK COUNTY TREASURER | 500 S GRAND CENTRAL PKWY, 1ST FL | LAS VEGAS | NV | 89155-1220 |
| PROPERTY | NYC DEPARTMENT OF FINANCE | LOCKBOX 333 400 WHITE CLAY CENTER DRIVE | NEWARK, DE | NY | 19711 |
| PROPERTY | QUEENS BOROUGH TREASURER | PO BOX 680 | NEWARK, NJ | NY | 07101-0680 |
| PROPERTY | WESTCHESTER COUNTY TAX COLLECTOR | 1 ROOSEVELT SQ RM 1 | MT VERNON | NY | 10550 |
| PROPERTY | CUYAHOGA COUNTY TREASURER | PO BOX 94547 | CLEVELAND | OH | 44101-4547 |
| PROPERTY | FRANKLIN COUNTY TREASURER | PO BOX 742538 | CINCINNATI | OH | 45274-2538 |
| PROPERTY | OKLAHOMA COUNTY TREASURER | 320 ROBERT S KERR AVE M 307 | OKLAHOMA CITY | OK | 73102 |

| PROPERTY | TULSA COUNTY TREASURER | 218 W 6TH ST, 8TH FLR | TULSA | OK | 74119-1004 |
|---|---|---|---|---|---|
| PROPERTY | MULTNOMAH COUNTY TAX COLLECTOR | PO BOX 2716 | PORTLAND | OR | 97208-2716 |
| PROPERTY | ALLEGHENY COUNTY TREASURER | PO BOX 643385 | PITTSBURGH | PA | 15264-3385 |
| PROPERTY | MONTGOMERY COUNTY TREASURER | PO BOX 311 | NORRISTOWN | PA | 19404-0311 |
| PROPERTY | DAVIDSON COUNTY METROPOLITAN TRUSTEE COLLECTOR | PO BOX 196358 | NASHVILLE | TN | 37219-6358 |
| PROPERTY | SHELBY COUNTY TRUSTEE | PO BOX 2751 | MEMPHIS | TN | 8101-2751 |
| PROPERTY | BEXAR COUNTY TAX ASSESSOR-COLLECTOR | P.O. BOX 839950 | SAN ANTONIO | TX | 78283 |
| PROPERTY | COLLIN COUNTY TAX ASSESSOR-COLLECTOR | P.O. BOX 8006 | MCKINNEY | TX | 75070 |
| PROPERTY | DALLAS COUNTY TAX OFFICE | 500 ELM ST STE 3300 | DALLAS | TX | 75202 |
| PROPERTY | HARRIS COUNTY TAX ASSESSOR-COLLECTOR | P. O. BOX 4622 | HOUSTON | TX | 77210-4622 |
| PROPERTY | TARRANT COUNTY TAX ASSESSOR-COLLECTOR | PO BOX 961018 | FORT WORTH | TX | 76161-0018 |
| PROPERTY | TRAVIS COUNTY TAX ASSESSOR-COLLECTOR | 5501 AIRPORT BLVD | AUSTIN | TX | 78751-1410 |
| PROPERTY | SALT LAKE COUNTY TREASURER | 2001 SOUTH STATE ST #N1200 | SALT LAKE CITY | UT | 84141-0418 |
| PROPERTY | FAIRFAX COUNTY TREASURER | 12000 GOVERNMENT CENTER PKY STE 223 | FAIRFAX | VA | 22035 |
| PROPERTY | KING COUNTY TREASURY | 201 S JACKSON ST RM 710 | SEATTLE | WA | 98104 |
| PROPERTY | MILWAUKEE CITY TREASURER | PO BOX 78776 | MILWAUKEE | WI | 53278-8776 |

RLF1 27566021v.1

| INCOME & FRANCHISE | INTERNAL REVENUE SERVICE | P.O. BOX 7346 | PHILADELPHIA | PA | 19101-7346 |
|---|---|---|---|---|---|
| INCOME & FRANCHISE | ALASKA DEPARTMENT OF REVENUE | PO BOX 110400 | JUNEAU | AK | 99811-0400 |
| INCOME & FRANCHISE | ALABAMA DEPARTMENT OF REVENUE | 50 N. RIPLEY | MONTGOMERY | AL | 36104 |
| INCOME & FRANCHISE | ALABAMA DEPARTMENT OF REVENUE ATTN: LEGAL DIVISION | P.O. BOX 320001 | MONTGOMERY | AL | 36132 |
| INCOME & FRANCHISE | ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION - CORPORATE INCOME TAX | PO BOX 919 | LITTLE ROCK | AR | 72203 |
| INCOME & FRANCHISE | ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION - SALES AND USE TAX | PO BOX 1330 | LITTLE ROCK | AR | 72203 |
| INCOME & FRANCHISE | ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION ATTN: GENERAL COUNSEL | PO BOX 1272 | LITTLE ROCK | AR | 72203 |
| INCOME & FRANCHISE | ARIZONA DEPARTMENT OF REVENUE | PO BOX 29079 | PHOENIX | AZ | 85038 |
| INCOME & FRANCHISE | ARIZONA DEPARTMENT OF REVENUE | 1600 W MONROE ST | PHOENIX | AZ | 85007 |
| INCOME & FRANCHISE | CALIFORNIA STATE BOARD OF | MIC: 121 PO BOX 942879 | SACRAMENTO | CA | 94279-0121 |

| | EQUALIZATION ATTN: GENERAL COUNSEL | | | | |
|---|---|---|---|---|---|
| INCOME & FRANCHISE | CALIFORNIA STATE BOARD OF EQUALIZATION ATTN: GENERAL COUNSEL | 450 N STREET, MIC:121 | SACRAMENTO | CA | 94279-0121 |
| INCOME & FRANCHISE | STATE OF CALIFORNIA FRANCHISE TAX BOARD ATTN: BUSINESS ENTITY BANKRUPTCY MS A345 | PO BOX 2952 | SACRAMENTO | CA | 95812-2952 |
| INCOME & FRANCHISE | COLORADO DEPARTMENT OF REVENUE | P.O. BOX 17087 | DENVER | CO | 80217-0087 |
| INCOME & FRANCHISE | COLORADO DEPARTMENT OF REVENUE ATTN: TAXATION DIVISION | 1881 PIERCE ST., ENTRANCE B | LAKEWOOD | CO | 80214 |
| INCOME & FRANCHISE | CONNECTICUT DEPARTMENT OF REVENUE SERVICES | 450 COLUMBUS BLVD. SUITE 1 | HARTFORD | CT | 6103 |
| INCOME & FRANCHISE | DISTRICT OF COLUMBIA OFFICE OF TAX AND REVENUE | 1101 4TH ST. SW # 270 | WASHINGTON | DC | 20024 |
| INCOME & FRANCHISE | STATE OF DELAWARE DIVISION OF REVENUE ATTN: BANKRUPTCY ADMINISTRATOR | 820 N. FRENCH STREET | WILMINGTON | DE | 19801 |
| INCOME & FRANCHISE | FLORIDA DEPARTMENT OF REVENUE | 5050 WEST TENNESSEE STREET | TALLAHASSEE | FL | 32399 |
| INCOME & FRANCHISE | GEORGIA DEPARTMENT OF REVENUE ATTN: STATE REVENUE COMMISSIONER | 1800 CENTURY BLVD. NE, SUITE 15300 | ATLANTA | GA | 30345 |

6

| INCOME & FRANCHISE | HAWAII STATE DEPARTMENT OF TAXATION | P.O. BOX 259 | HONOLULU | HI | 96809-0259 |
|---|---|---|---|---|---|
| INCOME & FRANCHISE | IOWA DEPARTMENT OF REVENUE | PO BOX 10330 | DES MOINES | IA | 50306-0330 |
| INCOME & FRANCHISE | IDAHO STATE TAX COMMISSION ATTN: COLLECTION DIVISION | PO BOX 36 | BOISE | ID | 83722-0410 |
| INCOME & FRANCHISE | ILLINOIS DEPARTMENT OF REVENUE ATTN: BANKRUPTCY UNIT | PO BOX 19035 | SPRINGFIELD | IL | 62794-9035 |
| INCOME & FRANCHISE | INDIANA DEPARTMENT OF REVENUE ATTN: LEGAL DIVISION | 100 N. SENATE AVE MS 102 | INDIANAPOLIS | IN | 46204 |
| INCOME & FRANCHISE | KANSAS DEPARTMENT OF REVENUE | SCOTT STATE OFFICE BUILDING  120 SE 10TH AVE. | TOPEKA | KS | 66612-1588 |
| INCOME & FRANCHISE | KENTUCKY DEPARTMENT OF REVENUE | 501 HIGH STREET | FRANKFORT | KY | 40601 |
| INCOME & FRANCHISE | KENTUCKY DEPARTMENT OF REVENUE ATTN: LEGAL SUPPORT BRANCH - BANKRUPTCY | P.O. BOX 5222 | FRANKFORT | KY | 40602 |
| INCOME & FRANCHISE | LOUISIANA DEPARTMENT OF REVENUE ATTN: COLLECTION DIVISION, BANKRUPTCY SECTION | PO BOX 201 | BATON ROUGE | LA | 70821-0201 |
| INCOME & FRANCHISE | LOUISIANA DEPARTMENT OF REVENUE ATTN: COLLECTION DIVISION, BANKRUPTCY SECTION | 617 NORTH THIRD STREET | BATON ROUGE | LA | 70802 |

7

| INCOME & FRANCHISE | MASSACHUSETTS DEPARTMENT OF REVENUE | 100 CAMBRIDGE STREET | BOSTON | MA | 02114 |
|---|---|---|---|---|---|
| INCOME & FRANCHISE | COMPTROLLER OF MARYLAND ATTN: REVENUE ADMIN. DIVISION | 110 CARROLL STREET | ANNAPOLIS | MD | 21411-0001 |
| INCOME & FRANCHISE | MAINE REVENUE SERVICES | PO BOX 9107 | AUGUSTA | ME | 04332-9107 |
| INCOME & FRANCHISE | MICHIGAN DEPARTMENT OF TREASURY ATTN: COLLECTIONS SERVICES BUREAU | PO BOX 30756 | LANSING | MI | 48922 |
| INCOME & FRANCHISE | MINNESOTA DEPARTMENT OF REVENUE | 600 NORTH ROBERT ST | ST. PAUL | MN | 55146 |
| INCOME & FRANCHISE | MISSOURI DEPT. OF REVENUE ATTN: BANKRUPTCY UNIT | HARRY S TRUMAN STATE OFFICE BUILDING 301 WEST HIGH STREET | JEFFERSON CITY | MO | 65101 |
| INCOME & FRANCHISE | MISSISSIPPI DEPARTMENT OF REVENUE ATTN: BANKRUPTCY DIVISION | PO BOX 22808 | JACKSON | MS | 39225-2808 |
| INCOME & FRANCHISE | MONTANA DEPARTMENT OF REVENUE ATTN: BANKRUPTCY UNIT | PO BOX 5805 | HELENA | MT | 59604-5805 |
| INCOME & FRANCHISE | NORTH CAROLINA DEPARTMENT OF REVENUE ATTN: BANKRUPTCY UNIT | POST OFFICE BOX 1168 | RALEIGH | NC | 27602-1168 |
| INCOME & FRANCHISE | OFFICE OF STATE TAX COMMISSIONER | 600 E. BOULEVARD AVE. | BISMARCK | ND | 58505-0599 |

| INCOME & FRANCHISE | NEBRASKA DEPARTMENT OF REVENUE | NEBRASKA STATE OFFICE BUILDING 301 CENTENNIAL MALL S. | LINCOLN | NE | 68508 |
|---|---|---|---|---|---|
| INCOME & FRANCHISE | NEBRASKA DEPARTMENT OF REVENUE | PO BOX 94818 | LINCOLN | NE | 68509-4818 |
| INCOME & FRANCHISE | NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMIN. | GOVERNOR HUGH GALLEN STATE OFFICE PARK 109 PLEASANT STREET | CONCORD | NH | 03301 |
| INCOME & FRANCHISE | NEW JERSEY DIVISION OF TAXATION ATTN: BANKRUPTCY SECTION | PO BOX 245 | TRENTON | NJ | 08695-0245 |
| INCOME & FRANCHISE | NEW MEXICO TAXATION AND REVENUE DEPT. | 1100 SOUTH ST. FRANCIS DRIVE | SANTA FE | NM | 87504 |
| INCOME & FRANCHISE | NEVADA DEPARTMENT OF TAXATION | 1550 COLLEGE PARKWAY SUITE 115 | CARSON CITY | NV | 89706 |
| INCOME & FRANCHISE | NEW YORK STATE DEPT. OF TAXATION AND FINANCE | BANKRUPTCY SECTION PO BOX 5300 | ALBANY | NY | 12205-0300 |
| INCOME & FRANCHISE | OHIO DEPARTMENT OF TAXATION | 4485 NORTHLAND RIDGE BLVD. | COLUMBUS | OH | 43229 |
| INCOME & FRANCHISE | OKLAHOMA TAX COMMISSION GENERAL COUNSEL'S OFFICE | 2501 N. LINCOLN BLV | OKLAHOMA CITY | OK | 73105 |
| INCOME & FRANCHISE | OREGON DEPT OF REVENUE | 955 CENTER STREET NE | SALEM | OR | 97301-2555 |
| INCOME & FRANCHISE | PENNSYLVANIA DEPT. OF REVENUE | MUNICIPAL SERVICES BUILDING 1401 JOHN F. KENNEDY BLVD. | PHILADELPHIA | PA | 19102 |
| INCOME & FRANCHISE | STATE OF RHODE ISLAND DIV. OF TAXATION | ONE CAPITAL HILL | PROVIDENCE | RI | 02908 |
| INCOME & FRANCHISE | SOUTH CAROLINA DEPT. OF REVENUE | 300A OUTLET POINTE BOULEVARD | COLUMBIA | SC | 29210 |

9

| | | | | | |
|---|---|---|---|---|---|
| INCOME & FRANCHISE | SOUTH DAKOTA DEPARTMENT OF REVENUE | 445 EAST CAPITOL AVE | PIERRE | SD | 57501-3185 |
| INCOME & FRANCHISE | TENNESSEE DEPARTMENT OF REVENUE ATTN: COLLECTION SERVICES DIVISION | 500 DEADERICK STREET | NASHVILLE | TN | 37242 |
| INCOME & FRANCHISE | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS ATTN: BANKRUPTCY | PO BOX 13528 CAPITOL STATION | AUSTIN | TX | 78711-3528 |
| INCOME & FRANCHISE | UTAH STATE TAX COMMISSION | 210 NORTH 1950 WEST | SALT LAKE CITY | UT | 84134-0700 |
| INCOME & FRANCHISE | VIRGINIA DEPARTMENT OF TAXATION | 1957 WESTMORELAND STREET | RICHMOND | VA | 23230 |
| INCOME & FRANCHISE | VERMONT DEPARTMENT OF TAXES | 133 STATE STREET | MONTPELIER | VT | 05633 |
| INCOME & FRANCHISE | WASHINGTON STATE DEPARTMENT OF REVENUE ATTN: BANKRUPTCY UNIT | 2101 4TH AVE, SUITE 1400 | SEATTLE | WA | 98121 |
| INCOME & FRANCHISE | WISCONSIN DEPARTMENT OF REVENUE ATTN: SPECIAL PROCEDURES UNIT | PO BOX 8901 | MADISON | WI | 53708-8901 |
| INCOME & FRANCHISE | WEST VIRGINIA DEPARTMENT OF REVENUE | 1124 SMITH STREET | CHARLESTON | WV | 25301 |
| INCOME & FRANCHISE | WEST VIRGINIA STATE TAX DEPARTMENT ATTN: BANKRUPTCY UNIT | 1001 LEE STREET. E. | CHARLESTON | WV | 25301 |

| INCOME & FRANCHISE | WYOMING DEPARTMENT OF REVENUE | 122 WEST 25TH STREET, SUITE E301 HERSCHLER BUILDING EAST | CHEYENNE | WY | 82002 |
|---|---|---|---|---|---|

RLF1 27566021v.1