**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENJOY TECHNOLOGY, INC. *et al.*, | ) | Case No. 22- _____ (___) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF ORDER AUTHORIZING DEBTORS TO
(I) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST
UNSECURED CREDITORS, (II) PREPARE A CONSOLIDATED LIST OF
CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR
EACH DEBTOR, (III) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION FOR INDIVIDUAL CREDITORS, (IV) WAIVE THE
REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS OF
ENJOY TECHNOLOGY, INC. AND MODIFY NOTICE THERETO, AND
(V) GRANTING RELATED RELIEF**

By this motion (the "Motion"), the above-captioned debtors and debtors-in-possession (the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 107(b) and (c) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 1007(a)(1) and (d), 2002(a) and (b), and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c), 1007-2, 2002-1, 9013-1(m), and 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing the Debtors to (a) file a consolidated list of the Debtor's thirty largest unsecured creditors in lieu and (b) prepare a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor, (ii) authorizing the Debtors to redact certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  Enjoy Technology, Inc. (6891); Enjoy Technology Operating Corp. (4543); Enjoy Technology LLC (0230).  The location of the Debtors' service address in these chapter 11 cases is 3240 Hillview Avenue, Palo Alto, CA 94304.

personally identifiable information – including home addresses –for the Debtors' individual creditors, (iii) waiving the requirement to file a list of all equity security holders of Enjoy Technology, Inc. and modify notice thereto, (iv) granting such other and further relief as requested herein or as the Court (as defined herein) otherwise deems necessary or appropriate. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of John Boken in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith.  In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully state as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 107(b) and (c) and 521 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 1007(a)(1) and (d), 2002(a) and (b), and 9018 and Local Rules 1001-1(c), 1007-2, 2002-1, 9013-1(m), and 9018-1.

---

[2]  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the First Day Declaration.

RLF1 27566009v.2

**BACKGROUND**

4.      On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5.      The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      To date, no official committees have been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or examiner.

7.      The Debtors commenced these Chapter 11 Cases due to a rapidly declining cash position that has rendered them unable to pay operating expenses, including payroll.  The Debtors are seeking immediate approval of a debtor-in-possession financing facility to be provided from Asurion, LLC ("Asurion") to fund the Debtors' operating expenses and the consummation of a sale of substantially all of their U.S. assets.  The Debtors intend to expeditiously file a motion to approve bidding procedures and designate Asurion as the stalking-horse bidder for the sale of substantially all of their U.S. assets.  Pending the approval of the sale, the Debtors will continue to operate in the ordinary course of business and provide uninterrupted, top-quality service.

8.      A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, is set forth in greater detail in the First Day Declaration, which is incorporated by reference herein.

**RELIEF REQUESTED**

9.      The Debtors seek entry of the Proposed Order pursuant to sections 105(a), 107(b) and (c) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(a)(1) and (d), 2002(a) and (b), and 9018, and Local Rules 1001-1(c), 1007-2, 2002-1, 9013-1(m) and 9018-1, (i) authorizing the

3

Debtors to (a) file a consolidated list of the Debtor's thirty largest unsecured creditors in lieu and (b) prepare a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor, (ii) authorizing the Debtors to redact certain personally identifiable information – including home addresses – for the Debtors' individual creditors, (iii) waiving the requirement to file a list of all equity security holders of Enjoy Technology, Inc. and modify notice thereto, (iv) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

## BASIS FOR RELIEF

I.    **The Debtors Should Be Permitted to (a) File a Consolidated List of Creditors Holding the Thirty Largest Unsecured Claims; and (b) Prepare and Maintain a Consolidated Creditor List in Lieu of Submitting a Formatted Mailing Matrix for Each Debtor**

10.    Pursuant to Local Rule 2002-1, each debtor in a jointly administered case is required to maintain a separate creditor mailing matrix. Del. Bankr. L.R. 2002-1(f)(v). Further, Bankruptcy Rule 1007(d) provides that a debtor must file, in addition to the list of creditors identified above, "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders ...." These requirements, however, are subject to modification where warranted "in the interest of justice" under Local Rule 1001-1. Del. Bankr. L.R. 1001-1(c).

11.    The Debtors submit that maintaining a single consolidated list of creditors (the "Creditor List") in lieu of preparing and filing a separate creditor matrix for each Debtor is warranted in these Chapter 11 Cases. Requiring the Debtors to segregate and convert their records to a Debtor-specific creditor matrix format would be unnecessarily burdensome and may result in duplicative mailings. In contrast, authorizing the Debtors to maintain a consolidated Creditor List, rather than preparing and filing a separate creditor matrix for each Debtor, will maximize efficiency and accuracy and will reduce costs.  Indeed, preparing a consolidated Creditor List will

4

be sufficient to permit a court-appointed claims and noticing agent to promptly provide notice of all relevant pleadings, notices, dates and deadlines to the appropriate parties. Accordingly, the Court should authorize the Debtors to maintain a consolidated Creditor List. This relief is consistent with the Local Rules and similar to relief routinely granted in comparable chapter 11 cases in this district. *See, e.g., In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. July 11, 2021) (authorizing the maintenance of a consolidated list of creditors in lieu of separate mailing matrices); *In re Highpoint Res. Corp.*, No. 21-10565 (CSS) (Bankr. D. Del. Mar. 16, 2021) (same); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. July 13, 2020) (same); *In re APC Auto. Techs. Intermediate Holdings, LLC*, No. 20-11466 (CSS) (Bankr. D. Del. June 4, 2020) (same); *In re Akorn, Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. May 22, 2020) (same).

12.     Further, the Debtors respectfully submit that filing a single consolidated list of their thirty largest unsecured creditors is warranted and in the best interest of the estates. Consolidation will increase efficiency and decrease the administrative burden on their respective estates by reducing the need for duplicative mailings of required notices to parties in interest. This relief is consistent with the Local Rules and similar to relief routinely granted in comparable chapter 11 cases in this district. *See, e.g., In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. July 11, 2021) (authorizing the debtors to file a consolidated list of the debtors' top 30 creditors); *In re Highpoint Res. Corp.*, No. 21-10565 (CSS) (Bankr. D. Del. Mar. 16, 2021) (same); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. July 13, 2020) (same); *In re APC Auto. Techs. Intermediate Holdings, LLC*, No. 20-11466 (CSS) (Bankr. D. Del. June 4, 2020) (authorizing the debtors to file a consolidated list of the debtors' top 50 creditors); *In re Akorn, Inc., No. 20-11177* (KBO) (Bankr. D. Del. May 22, 2020) (authorizing the debtors to file a

consolidated list of the debtors' top 30 creditors).  As such, the Debtors respectfully submit that

the relief requested by this Motion is appropriate in the instant case.

**II.      The Debtors Should Be Authorized to Redact the Personal Information of Interest
Holders and Individual Creditors, Including Their Current and Former Employees**

13.      Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may

protect an individual, with respect to the following types of information to the extent the court

finds that disclosure of such information would create undue risk of identity theft or other unlawful

injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be

filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).

14.      In addition, privacy protection regulations are being enacted in key jurisdictions.

In 2018, the state of California enacted the California Consumer Privacy Act of 2020 (the

"CCPA"), which provides individuals domiciled in California the right to request their collected

personal information be deleted by entities subject to the regulation.  Violators risk injunctions and

civil penalties of up to $2,500 for each violation and up to $7,500 for each intentional violation.

Cal. Civ. Code § 1798.155.  The CCPA applies to all for-profit entities doing business in California

("CCPA Entities") that collect and process consumers' personal data and satisfy one of the

following criteria:  (i) annual gross revenue in excess of $25 million; (ii) buys, shares, receives, or

sells the personal information of more than 50,000 consumers, households, or devices for

commercial purposes; or (iii) receives 50% or more of their annual revenues from selling

consumers' personal information.  Cal. Civ. Code § 1798.140(c)(1).  The Debtors likely qualify as

CCPA Entities because the Debtors' annual gross revenue for 2021 was approximately $60

million.

15.      The Debtors respectfully submit that it is appropriate to authorize the Debtors to

redact from any paper filed or to be filed with the Court in these Chapter 11 Cases, including the

6

Creditor Matrix, the personally identifiable information – including home addresses – of the Debtors' interest holders and individual creditors—including the Debtors' current and former employees, contract workers, debtholders, and other creditors—because (x) such information can be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking, and (y) disclosure risks violating the CCPA, exposing the Debtors to potential civil liability and significant financial penalties.

16.     This risk is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in that chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[3]

17.     Additionally, section 107(b) of the Bankruptcy Code provides that "[on] the request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to . . . commercial information."  11 U.S.C. § 107(b); *see also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (If the material sought to be protected constitutes "confidential . . . commercial information," "the Court is required to protect a requesting interested party and has no discretion to deny the application.").  Although all of the Debtors' current employees are valuable to their enterprise, certain of the Debtors' employees are highly skilled and specialized.  The efforts of these employees is required to continue the Debtors' research and development activities and maximize the value of the estates.  If such employees' names, addresses and contact information become public, the Debtors are concerned that their competitors would potentially use the information to poach the Debtors' valuable employees

---

[3] The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr D. Del. Jul. 11, 2019) [Docket No. 4].

7

thereby placing the Debtors at a significant disadvantage at a critical juncture in these Chapter 11 Cases.

18.     Due to the large number of individual creditors and interest holders of the Debtors, it is not feasible for the Debtors to determine if such risks exist on a creditor-by-creditor basis. Instead, the Debtors seek to redact all such information for individual creditors and interest holders.  The Debtors propose to provide an unredacted version of the Creditor Matrix and any other applicable filings to the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and counsel to any trustee or official committee of unsecured creditors subsequently appointed in these Chapter 11 Cases.  In addition, the Debtors will distribute to their current employees any notices that are received at the Debtors' corporate headquarters and are intended for an employee.

19.     Courts in this jurisdiction and others have granted the relief requested herein in comparable chapter 11 cases. *See, e.g.*, *Gold Standard Baking, LLC*, Case No. 22-10559 (JKS) (Bankr. D. Del. Jun. 23, 2022) (authorizing Debtors to file under seal the home addresses of individuals listed on the creditor matrix, schedules and statements and other related filings); *In re Armstrong Flooring, Inc.*, Case No. 22-10426 (MFW) (authorizing Debtors to file under seal certain portions of their creditor matrix containing employee addresses); *In re Shiloh Industr., Inc.*, Case No. 20-12024 (LSS) (Bankr. D. Del. Sept. 2, 2020) (authorizing Debtors to redact personally identifiable information of creditors and interest holders); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019) (authorizing the debtors to file lists of customer creditors under seal); *In re THG Holdings, LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) (authorizing the debtors to redact personally identifiable information of the debtors' employees); *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 12, 2019)

RLF1 27566009v.2

(authorizing the debtors to redact personally identifiable information of their employees and former employees on the creditor matrix); *In re Achaogen, Inc.*, No. 19-10844 (BLS) (Bankr. D. Del. May 20, 2019) (authorizing debtor to list on creditor matrix the debtor's corporate mailing address instead of home addresses for current employees); *In re ModelReorg Acquisition, LLC*, No. 17-11794 (CSS) (Bankr. D. Del. Aug. 29, 2017) (providing that the debtors were "not required to include the home addresses of their employees in their Creditor Matrix").

20.     Indeed, in *Dex Media,* the U.S. Trustee objected to the debtors' request to redact employees' addresses, arguing that there was no basis for treating employees differently from other creditors absent specific identifiable harm.  Judge Gross rejected this argument, recognizing the importance of protecting individuals from unnecessary security risk:

> I think, that in the present day, with the abuse of private information, that these addresses ought to be redacted, and so, you know, I just think that individuals whose only position is to have been former employees, for example, ought not to have their home addresses listed publicly.  I think that that is -- creates a possibility of abuse and so, I am going to grant the order [to seal].

Hr'g Tr. at 21:13-21, *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016).

21.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1) and in compliance with the CCPA, personally identifiable information—including home addresses—of the Debtors' interest holders as well as individuals listed on the Creditor Matrix or any other document filed with the Court.  Absent such relief, the Debtors are exposed to severe monetary penalties, unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

**III.    The Requirement to File a List of All Equity Security Holders of Enjoy Technology, Inc. Should Be Waived and Notice Thereto Should Be Modified**

22.    The Bankruptcy Rules also contain certain requirements with respect to a debtor's equity security holders.  Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's equity security holders.  Fed. R. Bankr. P. 1007(a)(3). Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case (the "Notice of Commencement") and the confirmation hearing.  Fed. R. Bankr. P. 2002(d).  Bankruptcy courts have authority to modify or waive the requirements under both rules.  Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); see also 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

23.    The Debtors submit that the requirements to file a list of, and to provide the Case Commencement Notice directly to, equity holders should be waived as to Debtor entity Enjoy Technology, Inc., Inc. in these Chapter 11 Cases.  As an initial matter, Enjoy Technology, Inc. is a publicly-traded company with approximately 2,000 record holders and 122,422,579 outstanding shares of common stock as of June 29, 2022.  Enjoy Technology, Inc. does not maintain a list of its equity security holders and therefore must obtain the names and addresses of its shareholders from a securities agent.  Preparing and submitting such a list with last known addresses for each

10

such equity security holder and providing the Notice of Commencement to all such parties will be expensive and time consuming and will serve little or no beneficial purpose.

24.    Instead, Enjoy Technology, Inc. proposes to provide such notice on its equity security holders by: (i) publishing the Notice of Commencement on the Debtors' case website located at *https://cases.stretto.com/EnjoyTechnology/*; (ii) filing a Form 8-K with the Securities and Exchange Commission (the "SEC") within four business days following the Petition Date, notifying their investors and other parties of the commencement of the Chapter 11 Cases, as well as any other filings with the SEC, as necessary, and other public announcements; and (iii) serving by first class mail, the Notice of Commencement on all known registered holders of Enjoy Technology, Inc.'s common stock ("Enjoy Stock") as soon as practicable after the entry of the Proposed Order.  Further, to the extent equity security holders of Enjoy Technology, Inc. are entitled to vote on a chapter 11 plan, the Debtors intend to provide them notice of the bar date and the opportunity to assert their interests.  The Debtors submit that these efforts provide adequate notice to Enjoy Technology, Inc.'s equity security holders.

25.    Accordingly, the Debtors respectfully request that the requirements to file a list of and to provide notice directly to Enjoy Technology, Inc.'s equity security holders be waived. Courts in this District have approved similar relief in other chapter 11 cases. *See, e.g., In re Fred's, Inc.*, Case No. 19-11984 (CSS) (Bankr. D. Del. Sept. 10, 2019) (waiving requirements to file list of equity holders and serve notice of the orders for relief on such parties); *In re Southcross Energy Partners, L.P.*, Case No. 19-10702 (MFW) (Bankr. D. Del. Apr. 2, 2019) (waiving requirements to file list of equity holders); *In re Hercules Offshore, Inc.*, Case No. 16-11385 (KJC) (Bankr. D. Del. June 7, 2016) (same); *In re Swift Energy Co.*, Case No. 15-12670 (MFW) (Bankr. D. Del. Jan. 5, 2016) (waiving requirements to file list of equity holders and serve notice of case

commencement on such parties); *In re RadioShack Corp.*, Case No. 15-10197 (BLS) (Bankr. D. Del. Feb. 9, 2015) (same).

## COMPLIANCE WITH LOCAL RULE 9018-1(d)(IV)

26.     To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief requested in this motion do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)). Notwithstanding the foregoing, if there are any such Confidentiality Rights, then undersigned counsel respectfully certifies that they are unable to confer with all Holders of such Confidentiality Rights and that attempting to confer with all known or potential Holders of Confidentiality Rights would be futile due to the significant number of such Holders with respect to this Motion.

## NOTICE

27.     The Debtors have provided notice of this Motion to the following parties or their respective counsel: (i) the U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) Gibson Dunn & Crutcher LLP and Pachulski Stang Ziehl & Jones LLP, as counsel to the DIP Lender; (iv) the Internal Revenue Service; (v) the SEC; (vi) the United States Attorney's Office for the District of Delaware and all other states in which the Debtors operate; and (vii) all other parties entitled to notice pursuant to Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

28.     No prior request for the relief sought in this Motion has been made to this or any other court.

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order

granting the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

[*Signature Page Follows*]

13

Dated:   June 30, 2022
      Wilmington, Delaware

Respectfully submitted,

*/s/ Brendan J. Schlauch*
Daniel J. DeFranceschi, Esq. (No. 2732)
Paul N. Heath, Esq. (No. 3704)
Brendan J. Schlauch, Esq. (No. 6115)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile:  (302) 651-7701
Email:   defranceschi@rlf.com
       heath@rlf.com
       schlauch@rlf.com

-and-

Cullen Drescher Speckhart, Esq.
Weiru Fang, Esq.
**COOLEY LLP**
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone:  (202) 842-7800
Facsimile:  (202) 842-7899
Email:  cspeckhart@cooley.com
      wfang@cooley.com

-and-

Michael A. Klein, Esq.
Evan Lazerowitz, Esq.
Joseph W. Brown, Esq.
**COOLEY LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Facsimile:  (212) 479-6275
Email:  mklein@cooley.com
      elazerowitz@cooley.com
      jbrown@cooley.com

*Proposed Counsel for the Debtors*

14

# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENJOY TECHNOLOGY, INC. *et al.*, | ) | Case No. 22- _____ (___) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No.** __ |

**ORDER AUTHORIZING DEBTORS TO
(I) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST
UNSECURED CREDITORS, (II) PREPARE A CONSOLIDATED LIST OF
CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR
EACH DEBTOR, (III) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION FOR INDIVIDUAL CREDITORS, (IV) WAIVE THE
REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS OF
ENJOY TECHNOLOGY, INC. AND MODIFY NOTICE THERETO, AND
<u>(V) GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession

(collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), pursuant to sections 105(a),

107(b) and (c) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(a)(1) and (d), 2002(a)

and (b), and 9018, and Local Rules 1001-1(c), 1007-2, 2002-1, 9013-1(m) and 9018-1, ((i)

authorizing the Debtors to (a) file a consolidated list of the Debtor's thirty largest unsecured

creditors in lieu and (b) prepare a consolidated list of creditors in lieu of submitting separate

mailing matrices for each Debtor, (ii) authorizing the Debtors to redact certain personally

identifiable information – including home addresses – for the Debtors' individual creditor, (iii)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  Enjoy Technology, Inc. (6891); Enjoy Technology Operating Corp. (4543); Enjoy Technology LLC (0230).  The location of the Debtors' service address in these chapter 11 cases is 3240 Hillview Avenue, Palo Alto, CA 94304.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

waiving the requirement to file a list of all equity security holders of Enjoy Technology, Inc. and modify notice thereto, (iv) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the entire record of these Chapter 11 Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Chapter 11 Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The requirement in Local Rule 2002-1(f)(v) that a separate mailing matrix be submitted for each Debtor is waived, and the Debtors are authorized to maintain and file a single, consolidated Creditor List, and a consolidated list of their thirty (30) largest unsecured creditors; *provided, however,* that if any of these Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its creditor mailing matrix.

RLF1 27566009v.2

3.       The Debtors are authorized to redact the personally identifiable information –
including home addresses – of the Debtors' interest holders as well as individuals listed on the
Creditor Matrix and any other paper filed or to be filed with the Court in these Chapter 11 Cases;
*provided* that the Debtors shall provide an unredacted version of the Creditor Matrix and any other
applicable document to the U.S. Trustee, any trustee or official committee of unsecured creditors
subsequently appointed in these Chapter 11 Cases, the Court, the Debtors' claims and noticing
agent, and any party in interest upon reasonable request.  Any party in interest that is not provided
with an unredacted version of the applicable document upon request may file a motion with the
Court to obtain such document.

4.       When serving any notice in these cases on the Debtors' current or former
employees, interest holders, or other individual creditors, the Debtors' claims agent, and, where
applicable, the Clerk of the Court, shall use such creditor's home address.

5.       Nothing in this Order shall waive or otherwise limit the service of any document
upon or the provision of any notice to any individual whose personally identifiable information is
sealed or redacted pursuant to this Order.  Service of all documents and notices upon individuals
whose personally identifiable information is sealed or redacted pursuant to this Order shall be
confirmed in the corresponding certificate of service.

6.       The requirement under Bankruptcy Rule 1007(a)(3) to file a list of equity security
holders of Enjoy Technology, Inc. is waived.

7.       The requirement under Bankruptcy Rule 2002(d) to provide the Notice of
Commencement to all of the equity security holders of Enjoy Technology, Inc. is hereby modified,
such that the Debtors shall (i) publish the Notice of Commencement on the Debtors' case website

3

located at *https://cases.stretto.com/EnjoyTechnology/*; (ii) file a Form 8-K with the SEC within four business days following the Petition Date, notifying their investors and other parties of the commencement of the Chapter 11 Cases, as well as any other filings with the SEC, as necessary, and other public announcements; and (iii) serve by first class mail, the Notice of Commencement on all known registered holders of Enjoy Stock as soon as practicable after the entry of this Order. All registered holders of Enjoy Stock, as applicable, served with the Notice of Commencement shall be required to serve such Notice of Commencement on any holder for whose benefit such registered.

8.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

RLF1 27566009v.2