IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENJOY TECHNOLOGY, INC., *et al.*,[1] | ) Case No. 22-10580 (JKS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 86** |

**MOTION OF THE DEBTORS FOR ENTRY
OF AN ORDER SHORTENING THE NOTICE AND OBJECTION
PERIODS FOR THE DEBTORS' BIDDING PROCEDURES MOTION**

By this motion (the "Motion") the above-captioned debtors and debtors in possession (the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1(c) and 9006-1(c) and (e) Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) shortening the notice and objection periods with respect to the *Motion of Debtors for Entry of (I) an Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Assets, (C), Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Scheduling a Hearing to Approve Assumption and Assignment of the Assumed Contracts; and (II) an Order (A) Authorizing and Approving the Debtors' Entry Into an Asset Purchase Agreement; and (B) Authorizing the Sale of All or Substantially All of the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  Enjoy Technology, Inc. (6891); Enjoy Technology Operating Corp. (4543); Enjoy Technology LLC (0230).  The location of the Debtors' service address in these chapter 11 cases is 3240 Hillview Avenue, Palo Alto, CA 94304.

RLF1 27572288v.4

*Debtors' Assets Free and Clear of all Encumbrances; and (III) an Order Approving the Assumption and Assignment of the Assumed Contracts; and (IV) Granting Related Relief* (the "Bidding Procedures Motion"), filed contemporaneously herewith, (ii) scheduling the hearing (the "Hearing") to consider the relief requested by the Bidding Procedures Motion for on or before July 17, 2022, and (iii) waiving the requirements of Local Rule 9006-1(c)(ii) and setting the deadline to file objections, if any, to the Bidding Procedures Motion as 12:00 p.m. (Eastern Time) one day prior to the Hearing.  In support of this Motion, the Debtors, by and through their undersigned proposed counsel, respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 105(a) of title 11 of the Bankruptcy Code, Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1(c) and 9006-1(c) and (e) Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**GENERAL BACKGROUND**

4.  On June 30, 2022 (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5.  The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  To date, no official committees have been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or examiner.

7.  The Debtors commenced these Chapter 11 Cases due to a rapidly declining cash position that has rendered them unable to pay operating expenses, including payroll. The Debtors have obtained interim approval of a debtor-in-possession financing facility (the "DIP Facility") provided by Asurion, LLC ("Asurion") necessary to fund the Debtors' operating expenses and pursue the consummation of a sale of substantially all of their U.S. assets. The Debtors filed the Bidding Procedures Motion (as defined herein) and reserved their right to designate Asurion as the stalking horse bidder for the sale of substantially all of their U.S. assets. Pending the approval of the sale, the Debtors will continue to operate in the ordinary course of business and provide uninterrupted, top-quality service.

8.  A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, is set forth in greater detail in the *Declaration of John Boken in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 4] (the "First Day Declaration"), which is incorporated by reference herein.

**FACTS RELEVANT TO THIS MOTION**

9. As more fully explained in the First Day Declaration, in April 2022, the Debtors determined that strategic alternatives were necessary to preserve their liquidity and maintain ongoing operations. Starting in May 2022, the Debtors ran a targeted marketing process for a sale of substantially all of their assets.

10. With the assistance of Centerview, the Debtors identified twenty-three (23) potential participants in a sale process. Following the initial outreach to the potential participants, the Debtors provided certain information to these parties to gauge their interest prior to executing non-disclosure agreements. Following the execution of non-disclosure agreements with five (5) of the parties, the Debtors received two (2) letters of intent, from Asurion, LLC ("Asurion") and one other counterparty. On June 13, 2022, the Debtors executed a letter of intent with the non-Asurion counterparty to complete an out-of-court transaction. However, on June 17, 2022, the counterparty informed the Debtors that it would not proceed with the transaction and withdrew its offer.

11. On June 19, 2022, the Debtors agreed to pursue a nonbinding proposal from Asurion for a sale of substantially all of the Debtors' U.S. assets through a sale pursuant to section 363 of the Bankruptcy Code, and signed a letter of intent with Asurion on June 19, 2022, which was later revised and superseded by a letter of intent dated as of June 29, 2022 (the "Asurion LOI"). Although the Asurion LOI is nonbinding and the transaction contemplated thereby remains subject to, among other things, due diligence, necessary counterparty consents, and negotiation of material terms and conditions, the Debtors nonetheless believe that the sale terms in the Asurion LOI represent a fair and compelling offer because, if consummated, (1) Asurion intends to continue operating the Debtors' core U.S. business as a going concern,

retaining many of the Debtors' employees, and (2) if consummated, a sale to Asurion could potentially provide significant consideration to the Debtors' other stakeholders.

12. On July 30, 2022, the Court entered an order approving the DIP Facility provided by Asurion on an interim basis, including certain key dates and deadlines relating to the Debtors' proposed sale process and the Chapter 11 Cases (the "Milestones"). *See* Docket No. 83 (the "Interim DIP Order"). The Milestones include a July 3, 2022 deadline to file the Bidding Procedures Motion and a July 17, 2022 deadline to obtain entry of the Bidding Procedures Order.

## RELIEF REQUESTED

13. By this Motion, pursuant to section 105(a) of title 11 of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure, and Local Rules 6004-1(c) and 9006-1(c) and (e), the Debtors request entry of an the Proposed Order (i) shortening the notice and objection periods for the Bidding Procedures Motion, filed contemporaneously herewith, (ii) scheduling the Hearing to consider the relief requested by the Bidding Procedures Motion for on or before July 17, 2022, and (iii) waiving the requirements of Local Rule 9006-1(c)(ii) and setting the deadline to file objections, if any, to the Bidding Procedures Motion as 12:00 p.m. (Eastern Time) one day prior to the Hearing.

## BASIS FOR RELIEF

14. Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Bankruptcy Rule 2002 requires 21-days' notice be provided for "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving service." Fed. R. Bankr. P. 2002(a)(2). Local

5

Rule 9006-1(e) further provides, in pertinent part, that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date."

15. The Debtors submit that sufficient cause exists to shorten notice with respect to the Bidding Procedures Motion in these Chapter 11 Cases.

16. *First*, an expedited Hearing on the Bidding Procedures Motion is necessary to meet the Milestones. As discussed in further detail in the First Day Declaration and the Bidding Procedures Motion, the Debtors and Asurion entered into the DIP Facility with an appreciation for realities of the Debtors' challenging financial condition. The Milestones approved by the Interim DIP Order account for those realities while providing a runway for the Debtors to execute a successful sale process for the benefit of the Debtors' estates, creditors and stakeholders. Accordingly, the DIP budget provides the Debtors with sufficient funding to cover critical operating expenditures and administrative expenses to complete the sale process in accordance with the Milestones. Moreover, failure to meet any of the Milestones could lead to the termination of the DIP Facility and a resulting loss of access to the cash necessary to carry on going concern operations. *See* DIP Term Sheet, p. 21.

17. *Second*, the Debtors believe that it would be beneficial to maximize the number of days between entry of the Bidding Procedures Order and the hearing on approval of the Sale so that potential bidders will have sufficient time to formulate and submit a bid in accordance with the Court-approved Bidding Procedures. In other words, the sooner the bidding process is understood, the better it will be for all parties, including the Debtors' estates, creditors,

and stakeholders. Thus, the Debtors believe that the bidding process is more likely to maximize value if the Hearing is held as soon as possible.

18. <u>Lastly</u>, shortened notice of the Hearing on the Bidding Procedures Motion is also appropriate given the Debtors' extensive prepetition marketing efforts. The most likely competing bidders are among those who previously executed confidentiality agreements and/or engaged in diligence during the prepetition process. Thus, these parties likely need minimal time to submit competing bids. Moreover, if new bidders emerge, the proposed timeline will provide them with sufficient time to perform due diligence given that the process is well understood at this juncture.

19. Accordingly, for the foregoing reasons, the Debtors respectfully submit that compelling reasons exist to shorten the notice and objection periods as requested herein.

## **COMPLIANCE WITH LOCAL RULE 9006-1(E)**

20. Before filing this Motion, counsel to the Debtors notified counsel to the DIP Lender and the U.S. Trustee regarding the relief requested herein, and the aforementioned parties do not object to the relief requested herein.

## **NOTICE**

21. Notice of this Motion shall be provided to the following, or their counsel, if known: (i) the U.S. Trustee; (ii) the United States Securities and Exchange Commission; (iii) the United States Department of Justice; (iv) counsel to the DIP Lender; (v) counsel to any statutory committee; (vi) all state attorneys' general and consumer protection agencies in jurisdictions in which the Assets are located; (vii) the parties included on the Debtors' list of thirty (30) largest unsecured creditors; (viii) all parties who are known by the Debtors to assert liens against the Assets; (ix) all non-Debtors parties to the Assumed Contracts; (x) any party known or reasonably believed to have expressed an interest in acquiring some or substantially all

of the Debtors' assets; and (xi) all parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

22. Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

23. No prior request for the relief sought herein has been made to this Court or any other court in connection with these Chapter 11 Cases.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested and any other relief as is just and proper.

| | |
|---|---|
| Dated: July 3, 2022<br>Wilmington, Delaware | Respectfully submitted, |

/s/ Brendan J. Schlauch
Daniel J. DeFranceschi, Esq. (No. 2732)
Paul N. Heath, Esq. (No. 3704)
Brendan J. Schlauch, Esq. (No. 6115)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
heath@rlf.com
schlauch@rlf.com

-and-

Cullen Drescher Speckhart, Esq.
Weiru Fang, Esq.
**COOLEY LLP**
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
Email: cspeckhart@cooley.com
wfang@cooley.com

-and-

Michael A. Klein, Esq.
Evan Lazerowitz, Esq.
Joseph W. Brown, Esq.
**COOLEY LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: mklein@cooley.com
elazerowitz@cooley.com
jbrown@cooley.com

*Proposed Counsel for the Debtors*