**Exhibit B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENJOY TECHNOLOGY, INC., *et al.*,[1] | ) | Case No. ~~22-~~_____ (~~—~~22-10580 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | Re: Docket ~~No~~Nos. ~~—~~6 & 75 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BUSINESS FORMS, (C) CONTINUE TO USE THE CORPORATE CREDIT CARD PROGRAM, (D) PERFORM INTERCOMPANY TRANSACTIONS IN THE ORDINARY COURSE AND GRANT ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION INTERCOMPANY CLAIMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (i) authorizing, but not directing, the Debtors to (a) continue to operate the Cash Management System (as defined below), (b) honor certain prepetition obligations related thereto, and (c) maintain existing business forms in the ordinary course of business; (ii) authorizing the Debtors' banks to honor all related payment requests; (iii) authorizing the Debtors to continue performing under and honoring certain intercompany transactions in the ordinary course of business; (iv) providing administrative expense priority for postpetition intercompany claims to the extent set forth herein; and (v) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Enjoy Technology, Inc. (6891); Enjoy Technology Operating Corp. (4543); Enjoy Technology LLC (0230). The location of the Debtors' service address in these chapter 11 cases is 3240 Hillview Avenue, Palo Alto, CA 94304.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

RLF1 27636483v.4~~27566233v.1~~

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth in this Final Order.

2. Any objections to the Motion not resolved or otherwise withdrawn are OVERRULED.

3. The Debtors are authorized, but not directed, to: (a) continue operating the Cash Management System, as described in the Motion; (b) honor their prepetition obligations related thereto; (c) maintain existing Business Forms; (d) continue to use their corporate credit card program in the ordinary course and pay any accrued prepetition expenses associated therewith; and (e) continue to perform Intercompany Transactions consistent with historical practice, as set forth herein.

4. The Debtors are authorized to (a) continue to use, with the same account numbers, the U.S. Bank Accounts in existence as of the Petition Date; (b) treat the U.S. Bank Accounts for

all purposes as accounts of the Debtors as debtors in possession; (c) use, in their present form, all Business Forms, without reference to their status as debtors in possession, except as otherwise provided in this Final Order; and (d) pay the Prepetition Bank Fees in full and Postpetition Bank Fees up to a cap of $6,000 per month on a final basis.

5. Silicon Valley Bank is hereby authorized to continue to service and administer the U.S. Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the U.S. Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided, however,* that any check drawn or issued by the Debtors before the Petition Date may be honored by a Silicon Valley Bank if specifically authorized by Order of this Court.

6. Notwithstanding any other provision of this Final Order, no bank that honors a prepetition check or other item drawn on any account that is the subject of this Final Order (a) at the direction of the Debtors, (b) in good faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of reasonable item-handling procedures, shall be deemed to be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

7. Silicon Valley Bank is authorized to debit the Debtors' accounts in the ordinary course of business without need for further order of this Court for: (a) all checks and other payment orders drawn on the Debtors' accounts which are cashed at such bank's counters or exchanged for cashier's checks by the payees thereof prior to the bank's receipt of notice of filing of the Chapter 11 Cases; and (b) all checks, automated clearing house entries, and other items deposited or

3

credited to one of Debtors' accounts with such bank prior to filing of the Chapter 11 Cases which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to filing of the Chapter 11 Cases.

8.  Silicon Valley Bank may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other Order of this Court, and Silicon Valley Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

9.  The Debtors are authorized, but not directed, to open any new bank accounts or close any existing U.S. Bank Account as they may deem necessary and appropriate in their sole discretion; *provided* that the Debtors give notice within fifteen (15) days thereafter to the U.S. Trustee, the DIP Lender, and any statutory committees appointed in the Chapter 11 Cases; *provided, further,* that the Debtors shall only open any such new bank accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at banks that are willing to immediately execute such an agreement; *provided, further*, that the relief granted in this Final Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a "U.S. Bank Account."

10. Silicon Valley Bank is authorized to continue to charge, and the Debtors are authorized to pay, honor, or allow the deduction from the appropriate account, the Postpetition Bank Fees in the ordinary course of business, whether such items are dated prior to, on, or subsequent to the Petition Date.

11. The Debtors are authorized to use their existing Business Forms and checks; *provided,* that once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; *provided, further,* that, with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend and the bankruptcy case number on such items within ten (10) days of the date of entry of this Final Order.

12. The Debtors are authorized to continue performing Intercompany Transactions in the ordinary course of business; *provided* that the Debtors shall not be authorized by this Final Order to undertake any Intercompany Transactions that are not on terms materially consistent with the Debtors' operation of their business in the ordinary course during the prepetition period; *provided further*, that there shall be no intercompany loans from the Debtors to any non-Debtors, absent further order of the Court; *provided further,* that any Intercompany Transactions shall be in accordance with the terms and conditions of the DIP Facilities, including the DIP Budget, the approved use of Cash Collateral, and the requirements of the DIP Orders.

13. All Intercompany Claims arising after the Petition Date as a result of Intercompany Transactions between Debtors shall be accorded administrative expense status in accordance with sections 503(b) and 507(b) of the Bankruptcy Code; *provided, however,* that such administrative expense status claim will be junior to the DIP Superpriority Claims, the Carve Out, and the Adequate Protection Claims, each as defined in the applicable DIP Order; *provided, further,* that, nothing herein shall limit or be construed to limit the Debtors' ability to reconcile amounts owed between and among any Debtors, including netting and setting off obligations arising from

Intercompany Transactions, whether arising prepetition or postpetition, in the ordinary course of business, as determined by the applicable Debtor in its sole discretion.

14. Except as provided otherwise in paragraph 13 of this Final Order, the relief granted in this Final Order with respect to any Intercompany Transaction or Intercompany Claim shall not constitute a finding as to the validity, priority, or status of such Intercompany Transaction or Intercompany Claim. The rights of any party, including the Debtors, to contest the validity, priority, or status of any Intercompany Transaction or Intercompany Claim are expressly reserved.

15. The Debtors shall maintain accurate and detailed records of all transfers, including Intercompany Transactions, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions.

16. Notwithstanding any other provision of this Final Order, the Debtors, absent further order of this Court, shall not make any payments to any non-debtor affiliates, including, without limitation: (a) Enjoy (UK) Limited and (b) Enjoy Technology Canada Ltd.; *provided that* the Debtors are authorized to transfer to Enjoy (UK) Limited up to $42,000 on account of insurance renewal.

~~16.~~17. Notwithstanding use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity makes those disbursements.

~~17. The requirements of section 345(b) of the Bankruptcy Code are hereby waived on a final basis.~~

18. The Debtors shall have thirty days (or such additional time as the U.S. Trustee may agree to or this Court may order) from the date of the entry of this Final Order within which to either comply with section 345(b) of the Bankruptcy Code or to make such other arrangements as

agreed to by the U.S. Trustee; provided, however, that such extension is without prejudice to the Debtors' right to request a further extension or waiver of the requirements of section 345(b) of the Bankruptcy Code.  To the extent that the Debtors and the U.S. Trustee reach agreement regarding the requirements of section 345(b) of the Bankruptcy Code, the Debtors are authorized to submit an amended Final Order granting a waiver of the requirements of section 345(b) of the Bankruptcy Code under certification of counsel after providing notice to any statutory committees appointed in the Chapter 11 Cases.

18.19.  Nothing in this Final Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates, or (c) shall be construed as a promise to pay a claim.

19.20.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.21.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

21.22.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

22.23.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.