# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) )  Chapter 11 |
| ENJOY TECHNOLOGY, INC., *et al.*,[1] | )  )  Case No. 22-10580 (JKS) |
| Debtors | )  )  (Jointly Administered) )  **Obj. Deadline: August 5, 2022 at 4:00 p.m. (ET)** )  **Hearing Date: August 12, 2022 at 10:00 a.m. (ET)** ) |

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ROPES & GRAY LLP AS SPECIAL COUNSEL TO THE INVESTIGATION SUBCOMMITTEE OF THE STRATEGIC REVIEW COMMITTEE OF THE BOARD OF DIRECTORS OF ENJOY TECHNOLOGY, INC. *NUNC PRO TUNC* TO THE PETITION DATE

Enjoy Technology, Inc. ("Enjoy") and its debtor affiliates in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows in support of this application (the "Application"):

## RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form of the order attached hereto as **Exhibit A** (the "Proposed Order"), (a) authorizing the Debtors to retain and employ Ropes & Gray LLP ("Ropes & Gray") as special counsel to the Investigation Subcommittee of the Strategic Review Committee of the Board of Directors of Enjoy pursuant to the terms of the engagement letter dated as of May 27, 2022 (the "Engagement Letter"),[2] a copy of which is attached as **Exhibit 1** to the Proposed Order, (b) approving the terms of Ropes & Gray's retention and employment, including the fee and expense structure and related provisions set forth in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Enjoy Technology, Inc. (6891); Enjoy Technology Operating Corp. (4543); Enjoy Technology LLC (0230). The location of the Debtors' service address in these chapter 11 cases is 3240 Hillview Avenue, Palo Alto, CA 94304.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Engagement Letter.

Engagement Letter, and (c) granting related relief. In support of this Application, the Debtors submit the declaration of Ryan Preston Dahl (the "Dahl Declaration"), a partner of Ropes & Gray, which is attached hereto as **Exhibit B**, and the declaration of Alan J. Carr (the "Carr Declaration"), which is attached hereto as **Exhibit C**.

## JURISDICTION

2.   The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.   The statutory predicates for the relief requested herein are sections 327(e), 328(a), 330, and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-1.

## BACKGROUND

5.   On June 30, 2022 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to manage and operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases. On July 11, 2022, the Office of the United

States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

6. The Debtors commenced these Chapter 11 Cases due to a rapidly declining cash position that has rendered them unable to pay operating expenses, including payroll. The Debtors have obtained interim approval of a debtor in possession financing facility provided by Asurion, LLC ("Asurion") necessary to fund the Debtors' operating expenses and pursue the consummation of a sale of substantially all of their U.S. assets.

7. On July 3, 2022, the Debtors filed *Motion of Debtors for Entry of (I) an Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Scheduling a Hearing to Approve Assumption and Assignment of the Assumed Contracts; and (II) Order (A) Authorizing and Approving the Debtors' Entry into an Asset Purchase Agreement; and (B) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances; and (III) An Order Approving the Assumption and Assignment of the Assumed Contracts; and (IV) Granting Related Relief* [Docket No. 86] motion to, *inter alia*, approve bidding procedures and reserve their right to designate Asurion as the stalking horse bidder for the sale of substantially all of their U.S. assets. Pending the approval of the sale, the Debtors will continue to operate in the ordinary course of business and provide uninterrupted, top-quality service.

8. Information regarding the Debtors, including their business and capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the

*Declaration of John Boken in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 4].

**A.     Appointment of the Investigation Subcommittee and Retention of Ropes & Gray**

9.     On May 20, 2022, the Board of Directors of Enjoy (the "Board") adopted resolutions (i) appointing Alan J. Carr and William L. Transier as independent directors of the Board, (ii) establishing a committee of the Board, consisting of Alan J. Carr, William L. Transier, Denise Young Smith, and Gideon Yu (the "Strategic Review Committee") to, among other things, evaluate, negotiate, and make recommendations to the Board with respect to various strategic alternatives, including but not limited to, a capital markets, debt issuance, restructuring, and/or other balance sheet transaction in an effort to maximize the value of the Debtors and their assets, and (iii) establishing an investigation subcommittee of the Strategic Review Committee (the "Investigation Subcommittee"), comprised of Alan J. Carr and William L. Transier, to investigate (the "Investigation") any cause of action that Enjoy may have with respect to any prior transactions, acts, or omissions involving affiliates or insiders of Enjoy (the "Prior Transactions").

10.     As further set forth in the Carr Declaration, Mr. Carr has over two decades of restructuring experience, including practicing as a restructuring attorney and serving as an independent director or manager of several high-profile companies such as:  (a) Basic Energy Services, Inc.; (b) Toys R US DE, Inc.; (c) ExGen Texas Power, LLC; (d) UCI Holdings Limited; (e) NewPage Corporation; (f) LightSquared Inc.; (g) Statewide Mobility Partners LLC; and (h) Nautilus Holdings, Inc.

11.     Furthermore, Mr. Transier has extensive restructuring experience involving complex international capital structures with both public and private companies. He has served key roles on boards of directors for twenty-five years including non-executive chairman, lead director, audit and compensation committee's chairman and has led or been involved in many

special committees of independent directors. Mr. Transier has served as an independent director or manager of several high-profile companies such as: (i) Paragon Offshore PLC; (ii) CHC Group Ltd.; (iii) Stonegate Production LLC; (iv) Westinghouse Electric Company LLC; and (v) the Brock Group, Inc.

12. On May 27, 2022, the Investigation Subcommittee retained Ropes & Gray to serve as legal counsel and assist in the discharging of its mandate.

13. On June 29, 2022, the Board expanded the Investigation Subcommittee's authority with respect to the Specified Matters (defined below) from determining and making recommendations to the Strategic Review Committee and the full Board with respect to the Specified Matters to acting and binding Enjoy with respect to each of the Specified Matters. Specifically, the Board delegated to the Investigation Subcommittee the power and authority to, *inter alia*, determine and make recommendations to the Strategic Review Committee and the full Board with respect to:

    (a) prosecuting, waiving, releasing, settling, or negotiating any claims or causes of action of Enjoy that arise out of or relate to Prior Transactions (the "Specified Matters");

    (b) controlling Enjoy's attorney-client privilege and attorney work product protection for any information disclosed to or developed by the Investigation Subcommittee or its advisors during the course of its Investigation;

    (c) binding Enjoy with respect to the right of or extent to which a party that is the subject of its Investigation may (i) credit bid pursuant to 11 U.S.C. § 363(k) or (ii) take similar actions during the course of the Debtors' Chapter 11 Cases including any credit bid or similar action pursuant to a chapter 11 plan;

    (d) any proposed releases, exculpations, or indemnifications by Enjoy of its current or former directors, officers, insiders, or affiliates, in each case, solely with respect to the Specified Matters;

    (e) whether a bid from, or a chapter 11 plan proposed by, an affiliate or equity holder of Enjoy that is the subject of the Investigation Subcommittee's

5

      Investigation is higher and/or better than any other alternative, limited to the appropriateness of releases, exculpations, or indemnifications by Enjoy of its current or former directors, officers or affiliates contained therein, in each case, solely with respect to the Specified Matters;

(f) binding Enjoy with respect to any other matter that is within the scope of the mandate of the Strategic Review Committee which the Strategic Review Committee may decide to delegate to the Investigation Subcommittee without any further action of the Board or the Strategic Review Committee, including matters that the Strategic Review Committee determines pose or may pose a conflict for it to act upon;

(g) carrying out its responsibilities, coordinating, and consulting with management, and professional advisors of and to Enjoy, as appropriate, regarding matters within its authority and mandate;

(h) retaining professionals for advice or assistance, as it deems necessary and proper, to carry out its responsibilities; and

(i) taking such other actions as the Investigation Subcommittee deems necessary or desirable in order to carry out its mandate.

14. Prior to the Petition Date, the Investigation Subcommittee, with the assistance of Ropes & Gray, began to discharge its mandate and conduct the Investigation, which remains ongoing. As more fully discussed herein and in the Dahl Declaration, Ropes & Gray has performed significant work on the Investigation before the commencement of these Chapter 11 Cases and, if this Application is approved, will continue representing the Investigation Subcommittee in discharging its mandate.

**B.** **Ropes & Gray's Qualifications**

15. Based on the circumstances, the Investigation Subcommittee has determined that it is necessary to engage counsel independent from the Debtors' legal counsel for it to execute faithfully its responsibilities and duties in connection with these Chapter 11 Cases. The Investigation Subcommittee determined to retain the law firm of Ropes & Gray.

16. Ropes & Gray has extensive experience advising independent directors and special committees on various matters in the exercise of their fiduciary duties, including in connection

6

with restructurings, chapter 11 cases, and related issues, such as *In re Basic Energy Services, Inc.*, No. 21-90002 (Bankr. D. Del.) (counsel to the independent director of the special committee of the board of directors of Basic Energy Services, Inc.), *In re Sanchez Energy Corporation*, No. 19-134508 (Bankr. S.D. Tex.) (counsel to the special committee of the board of directors of Sanchez Energy Corporation), and *In re FirstEnergy Solutions Corp.*, No. 18-50757 (Bankr. N.D. Ohio) (counsel to the independent manager of debtor FirstEnergy Nuclear Generation, LLC).

17. Furthermore, attorneys from Ropes & Gray have extensive experience and have demonstrated in-depth knowledge in the area of business reorganization under chapter 11 of the Bankruptcy Code, including: (a) representations of debtors in cases such as *In re Vewd Software USA, LLC*, No. 21-12065 (Bankr. S.D.N.Y.) (counsel to the debtors); *In re Centric Brands Inc.*, No. 20-22637 (Bankr. S.D.N.Y.) (same); *In re Rubio's Restaurants, Inc.*, No. 20-12688 (Bankr. D. Del.) (same); *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (Bankr. D. Del.) (same); and *In re VIP Cinema Holdings, Inc.*, No. 20-10345 (Bankr. D. Del.) (same); and (b) in particular, other select representations in this Court, such as *In re CP Holdings LLC*, No. 21-10950 (Bankr. D. Del.) (counsel to prepetition lender, DIP lender, and stalking horse bidder); *In re Secure Home Holdings LLC*, No. 21-10745 (Bankr. D. Del.) (counsel to first lien agent and DIP agent); *In re Alamo Drafthouse Cinemas Holdings LLC*, No. 21-10474 (Bankr. D. Del.) (counsel to prepetition lender, DIP lender, equityholder, and purchaser); and *In re In-Shape Holdings, LLC*, No. 20-13130 (Bankr. D. Del.) (counsel to prepetition lender and DIP lender).

18. Based on the foregoing experience, the Investigation Subcommittee selected Ropes & Gray to assist it in the Investigation. Before the Petition Date, Ropes & Gray provided extensive services in connection with the Investigation, which Investigation remains ongoing. Accordingly,

Ropes & Gray is both well qualified and uniquely situated to continue to represent the Investigation Subcommittee in these Chapter 11 Cases.

**C.    Scope of Services**

19.    Subject to further order of the Court, the Debtors request authority to retain and employ Ropes & Gray to provide the following legal services to the Investigation Subcommittee, including:

    (a)    assisting the Investigation Subcommittee with the Investigation and related restructuring and litigation matters, including any interactions with any parties in interest in these Chapter 11 Cases as they relate to the Investigation;

    (b)    preparing pleadings in connection with the Chapter 11 Cases, including motions, applications, answers, orders, reports and other papers necessary or otherwise beneficial to meet the objectives of the Investigation Subcommittee in connection with the Investigation, including by prosecuting litigation on behalf of the Debtors and their estates;

    (c)    advising the Investigation Subcommittee with respect to its rights, powers, and duties;

    (d)    appearing before the Court and any other courts to represent the interests of the Investigation Subcommittee before such courts; and

    (e)    attending meetings and representing the Investigation Subcommittee in negotiations with the Debtors, representatives of creditors, and other parties in interest.

20.    Ropes & Gray has worked productively and efficiently alongside the Debtors' advisors in ways that have avoided duplication of effort. Ropes & Gray will continue to work with the Debtors' advisors and management to prevent the duplication of services whenever possible.

**D.    Professional Compensation**

21.    The Debtors request authority to compensate Ropes & Gray for professional services rendered and reimburse Ropes & Gray for expenses incurred in connection with these Chapter 11 Cases.

22.     Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and other procedures that may be fixed by the Court, the Debtors request that Ropes & Gray be compensated on an hourly basis and that Ropes & Gray receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Investigation Subcommittee in these Chapter 11 Cases. Furthermore, Ropes & Gray intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, subject to this Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders issued by this Court, on an hourly basis, plus reimbursement of all actual, necessary expenses and other charges incurred by Ropes & Gray in connection with these Chapter 11 Cases. In accordance with the terms of the Ropes & Gray Engagement Letter, the Debtors have agreed to compensate Ropes & Gray for the work performed for the Investigation Subcommittee.

23.     Ropes & Gray will bill at its standard hourly rates in effect when services are rendered. Ropes & Gray's current hourly rates for matters related to or similar to these Chapter 11 Cases range as follows:[3]

| Billing Category | U.S. Range |
|---|---|
| Partners | $1,400 - $2,150 |
| Counsel | $770 - $2,130 |
| Associates | $700 - $1,270 |
| Paraprofessionals | $260 - $595 |

24.     The Debtors and the Investigation Subcommittee believe that these rates are consistent with market rates for comparable services and understand that Ropes & Gray sets its

---

[3] Ropes & Gray has included in the Dahl Declaration its responses to the questions posed by section D(1) of the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines").

9

hourly rates on an annual basis after consulting with various independent market sources. These rates are set at a level designed to compensate Ropes & Gray fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Ropes & Gray operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Ropes & Gray's hourly rates vary with the experience and seniority of the individuals assigned. Ropes & Gray's hourly rates, however, are consistent with the rates that Ropes & Gray charges its restructuring clients, regardless of the location of the chapter 11 case. Ropes & Gray did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

25. The foregoing hourly rates were effective as of January 1, 2022. Ropes & Gray's billing rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. This annual adjustment is in accordance with the firm's ordinary practice. As discussed herein, Ropes & Gray was retained by the Investigation Subcommittee in May 2022 to assist with the Investigation. During the prepetition period, Ropes & Gray billed the Investigation Subcommittee using its hourly rates in effect at that time. Ropes & Gray's billing rates have not changed or increased between May 2022 and the date hereof.

26. Subject to this Court's approval, Ropes & Gray will also bill for, and maintain detailed records of, actual and necessary costs and expenses incurred in connection with the rendition of legal services described above. Consistent with Ropes & Gray's policy regarding its other clients, and as set forth in more detail in the Dahl Declaration, Ropes & Gray will charge for all other services provided and for other charges and disbursements incurred in the rendition of such services. These charges and disbursements include, among other things, costs for

photocopying, telephone calls, travel, travel-related expenses, computerized research, messengers, couriers, and postage. From time to time, Ropes & Gray's employees may be required to work after business hours and during the weekend. Ropes & Gray generally invoices clients for reasonable meals and transportation to or from the office related to work performed during such time on behalf of the applicable client. If the Local Rules or the other applicable orders and procedures of this Court do not permit reimbursement of any of the foregoing expenses (or provide for additional or different requirements in respect thereof), the Debtors respectfully request that this Court waive any per se prohibition or requirements other than that such expenses be actual and reasonable.

### E. Compensation Received by Ropes & Gray from the Debtors

27. As set forth above, Ropes & Gray has represented the Investigation Subcommittee since May 2022. A copy of the Engagement Letter is attached as <u>Exhibit 1</u> to the Proposed Order attached hereto. In connection with entry into the Engagement Letter, the Debtors initially provided Ropes & Gray with $125,000 as an advance payment retainer, which amount was increased prior to the chapter 11 filing (the "<u>Advanced Payment Retainer</u>").

28. As set forth in the table below, prior to the Petition Date Ropes & Gray received total payments in the aggregate amount of $704,295.00 as payment for fees and reimbursement for expenses related to such services and increases in the Advanced Payment Retainer in accordance with the Engagement Letter and its customary billing practices in the aggregate. As of the Petition Date, the balance of the Advanced Payment Retainer was $285,538.50 before reconciling such amount with the full and final amount of prepetition fees and expenses incurred in connection with representing the Investigation Subcommittee.

11

| Transaction Type | Date | Billed Amount | Payment Amount | Advanced Payment Retainer Balance |
|---|---|---|---|---|
| Invoice #1442799 (Initial Retainer) | 06/03/2022 | $125,000.00 | | |
| Payment on Invoice #1442799 | 06/07/2022 | | $125,000.00 | $125,000.00 |
| Invoice #1447479 (Retainer Replenishment) | 06/17/2022 | $125,000.00 | | $0.00 |
| Invoice #1447480 | 06/17/2022 | $36,692.00 | | $0.00 |
| Invoice #1448352 | 06/22/2022 | $160,538.50 | | $0.00 |
| Payment on Invoices #1447479, #1447480, and #1448352 | 06/28/2022 | | $322,230.50 | $125,000.00 |
| Invoice #1449879 | 06/28/2022 | $96,526.00 | | $28,474.00 |
| Payment on Invoice #1449879 | 06/29/2022 | | $96,526.00 | $125,000.00 |
| Payment for Retainer Increase | 06/29/2022 | | $160,538.50 | $285,538.50 |
| **Total** | | | **$704,295.00** | |

29. Following the Petition Date, Ropes & Gray issued its final detailed fee statement to the Debtors for the actual fees, charges, and disbursements incurred for the period prior to the Petition Date in the amount of $47,544.38 (the "Final Prepetition Bill Amount"). Pursuant to the Engagement Letter, Ropes & Gray applied the Final Prepetition Bill Amount against the Advanced Payment Retainer, leaving it with a remaining balance of $237,994.12. Ropes & Gray will apply the existing balance of $237,994.12 against postpetition fees and expenses of Ropes & Gray approved by the Court.

30. Pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(b), Ropes & Gray has not shared or agreed to share (a) any of its compensation from the Debtors with any other persons, other than employees and members of Ropes & Gray and (b) any compensation any other persons have received or may receive. There is no agreement of any nature as to the sharing of compensation to be paid to Ropes & Gray.

**F.  Ropes & Gray's Disinterestedness**

31. Section 327(e) of the Bankruptcy Code requires that proposed counsel "not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. §327(e). As set forth in the Dahl Declaration,

Ropes & Gray conducted a thorough conflicts analysis with respect to individuals and entities that may be parties in interest in these Chapter 11 Cases. To the best of the Debtors' knowledge, information, and belief, neither Ropes & Gray, nor any Ropes & Gray professional working on or connected to Ropes & Gray's engagement on the Investigation Subcommittee's behalf, has a conflict with the Investigation Subcommittee, the Debtors, their creditors, or any other party in interest in the Debtors' Chapter 11 Cases, or their respective attorneys or accountants, except as set forth in the Dahl Declaration.

32. Based upon the Dahl Declaration, Ropes & Gray does not hold or represent any interest adverse to the Debtors or their estates with respect to the matters in which Ropes & Gray is to be employed.

33. Ropes & Gray will conduct an ongoing review of its files to ensure that no conflicts or disqualifying circumstances exist or arise. Pursuant to Local Rule 2014-1(a), to the extent that Ropes & Gray learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), Ropes & Gray will file and serve a supplemental declaration with the Court setting forth such additional information.

## **BASIS FOR RELIEF**

34. Section 327(e) of the Bankruptcy Code provides that with court approval, the Debtors:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Retention of an attorney under section 327(e) does not call for the same searching inquiry required for a debtor to retain general bankruptcy counsel under section

13

327(a).  *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

35. In considering whether to appoint special counsel, courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.)*, 323 B.R. 403, 406 (Bankr. D. Del. 2005) (citations omitted); *see also In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) ("where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand").

36. Additionally, pursuant to section 328(a) of the Bankruptcy Code, the Debtors "with the court's approval, may . . . authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on an retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions.

37. Furthermore, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party

> in interest, their respective attorneys and accountants, the U.S. trustee, or any person employed in the office of the U.S. trustee.

Fed. R. Bankr. P. 2014(a).

38. For all the reasons stated above and in the Dahl Declaration and the Carr Declaration, the retention and employment of Ropes & Gray as counsel to the Investigation Subcommittee is warranted.

## NOTICE

39. The Debtors have provided notice of this Application to the following parties or their respective counsel: (i) the Office of the United States Trustee for the District of Delaware; (ii) Fox Rothschild LLP, as proposed counsel to the Committee; (iii) Gibson Dunn & Crutcher LLP and Pachulski Stang Ziehl & Jones LLP, as counsel to the DIP Lender; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney's Office for the District of Delaware and all other states in which the Debtors operate; and (vii) all other parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

40. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 22, 2022
      New York, New York

                                  */s/ Alan J. Carr*
                                  Alan J. Carr
                                  Independent Director of Enjoy Technology, Inc.
                                  On behalf of the Investigation Subcommittee of the
                                  Strategic Review Committee of the Board of Directors
                                  of Enjoy Technology, Inc