## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>ENJOY TECHNOLOGY, INC., *et al.*,[1]<br><br>Debtors | ) <br>) Chapter 11 <br>) <br>) Case No. 22-10580 (JKS) <br>) <br>) (Jointly Administered) <br>) <br>) **Re:** _____ <br>) <br>) |

**ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF ROPES & GRAY LLP AS SPECIAL
COUNSEL TO THE INVESTIGATION SUBCOMMITTEE OF THE
STRATEGIC REVIEW COMMITTEE OF THE BOARD OF DIRECTORS
OF ENJOY TECHNOLOGY, INC. *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to retain and employ Ropes & Gray as special counsel to the Investigation Subcommittee of the Strategic Review Committee of the Board of Directors of Enjoy Technology, Inc. ("Investigation Subcommittee'), *nunc pro tunc* to the Petition Date, in accordance with the terms of the Engagement Letter, (b) approving the terms of Ropes & Gray's retention and employment, including the fee and expense structure, set forth in the Engagement Letter, a copy of which is attached hereto as **Exhibit 1**, and (c) granting related relief, all as more fully set forth in the Application; and upon the Dahl Declaration and Carr Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that (i) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (ii) this Court may enter a final

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Enjoy Technology, Inc. (6891); Enjoy Technology Operating Corp. (4543); Enjoy Technology LLC (0230). The location of the Debtors' service address in these chapter 11 cases is 3240 Hillview Avenue, Palo Alto, CA 94304.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

order consistent with Article III of the United States Constitution; and (iii) venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found, based on the representations made in the Application and in the Dahl Declaration, that Ropes & Gray does not hold or represent an interest adverse to the Debtors or to the Debtors' estates with respect to the matters on which Ropes & Gray is to be employed; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors, on behalf of the Investigation Subcommittee, are authorized to retain and employ Ropes & Gray, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, as special counsel to the Investigation Subcommittee, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application.

3. Ropes & Gray is authorized to provide the Investigation Subcommittee with the professional services described in the Application and the Dahl Declaration.

4. Ropes & Gray shall apply for compensation and reimbursement of expenses, and be compensated, in compliance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Ropes & Gray shall use reasonable best efforts to comply with the Revised UST Guidelines in connection with this Application and the interim (if any) and final fee applications to be filed by Ropes & Gray in these Chapter 11 Cases.

5. Ropes & Gray shall provide reasonable notice to the Debtors, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and the Committee of any increase in the rates set forth in the Application.

6. Ropes & Gray will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Ropes & Gray will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Local Rule 2014-1(a).

7. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by the contents of the Application.

8. To the extent that the Application, the Dahl Declaration, or the Carr Declaration are inconsistent with this Order, the terms of this Order shall govern.

9. Notwithstanding Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors, the Investigation Subcommittee, and Ropes & Gray are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

4

11.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to implementation, interpretation, and/or enforcement of this Order.