## EXHIBIT B

### Dahl Declaration

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ENJOY TECHNOLOGY, INC., *et al.*,[1] | ) |
| | ) Case No. 22-10580 (JKS) |
| Debtors | ) (Jointly Administered) |
| | ) |

## DECLARATION OF RYAN PRESTON DAHL IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ROPES & GRAY LLP AS SPECIAL COUNSEL TO THE INVESTIGATION SUBCOMMITTEE OF THE STRATEGIC REVIEW COMMITTEE OF THE BOARD OF DIRECTORS OF ENJOY TECHNOLOGY, INC. *NUNC PRO TUNC* TO THE PETITION DATE

I, Ryan Preston Dahl, under penalty of perjury, declare as follows to the best of my knowledge, information, and belief:

1.      I am an attorney admitted to practice in the States of Illinois and New York, and I am a partner with the law firm of Ropes & Gray LLP ("Ropes & Gray" or the "Firm").  Ropes & Gray is a law firm of approximately 1,400 attorneys with offices in New York, Washington, D.C., Boston, Chicago, San Francisco, Silicon Valley, Los Angeles, London, Hong Kong, Shanghai, Tokyo, and Seoul.  There are no disciplinary proceedings pending against me.

2.      I am duly authorized to make this declaration (the "Declaration") on behalf of Ropes & Gray in support of the application (the "Application")[2] of the Debtors for authority to retain and employ Ropes & Gray as special counsel to the Investigation Subcommittee of the Strategic Review Committee of the Board of Directors of Enjoy Technology, Inc. ("Investigation

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  Enjoy Technology, Inc. (6891); Enjoy Technology Operating Corp. (4543); Enjoy Technology LLC (0230). The location of the Debtors' service address in these chapter 11 cases is 3240 Hillview Avenue, Palo Alto, CA 94304.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Subcommittee"), effective as of the Petition Date, under the terms and conditions set forth in the Application. I submit this Declaration in accordance with sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rule 2014-1. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.      The statements set forth below are based upon my personal knowledge or discussions with other partners, counsel, and associates of Ropes & Gray, and client/matter records of Ropes & Gray reviewed by me or by associates or employees of Ropes & Gray acting under my supervision and direction.

## Ropes & Gray's Qualifications

4.      Pursuant to its Board-granted authority, the Investigation Subcommittee has determined to engage counsel in furtherance of discharging its Investigation and mandate as they may relate to these Chapter 11 Cases. The Investigation Subcommittee has determined to retain the law firm of Ropes & Gray.

5.      Ropes & Gray has extensive experience advising independent directors and special committees on various matters in the exercise of their fiduciary duties, including in connection with restructurings, chapter 11 cases, and related issues, such as *In re Basic Energy Services, Inc.*, No. 21-90002 (Bankr. D. Del.) (counsel to the independent director of the special committee of the board of directors of Basic Energy Services, Inc.), *In re Sanchez Energy Corporation*, No. 19-134508 (Bankr. S.D. Tex.) (counsel to the special committee of the board of directors of Sanchez Energy Corporation), and *In re FirstEnergy Solutions Corp.*, No. 18-50757 (Bankr. N.D. Ohio) (counsel to the independent manager of debtor FirstEnergy Nuclear Generation, LLC).

6.      Furthermore, attorneys from Ropes & Gray have extensive experience and have demonstrated in-depth knowledge in the area of business reorganization under chapter 11 of the Bankruptcy Code, including: (a) representations of debtors in cases such as *In re Vewd Software*

*USA, LLC*, No. 21-12065 (Bankr. S.D.N.Y.) (counsel to the debtors); *In re Centric Brands Inc.*,

No. 20-22637 (Bankr. S.D.N.Y.) (same); *In re Rubio's Restaurants, Inc.*, No. 20-12688 (Bankr.

D. Del.) (same); *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (Bankr. D. Del.) (same);

and *In re VIP Cinema Holdings, Inc.*, No. 20-10345 (Bankr. D. Del.) (same); and (b) in particular,

other select representations in this Court, such as *In re CP Holdings LLC*, No. 21-10950 (Bankr.

D. Del.) (counsel to prepetition first lien lender, DIP lender, and stalking horse bidder); *In re*

*Secure Home Holdings LLC*, No. 21-10745 (Bankr. D. Del.) (counsel to first lien agent and DIP

agent); *In re Alamo Drafthouse Cinemas Holdings LLC*, No. 21-10474 (Bankr. D. Del.) (counsel

to prepetition lender, DIP lender, equityholder, and purchaser); and *In re In-Shape Holdings, LLC*,

No. 20-13130 (Bankr. D. Del.) (counsel to prepetition lender and DIP lender).

7.      Based on the foregoing experience, the Investigation Subcommittee selected Ropes

& Gray to assist it in the Investigation.  Before the Petition Date, Ropes & Gray provided extensive

services in connection with the Investigation, which Investigation remains ongoing.  Accordingly,

Ropes & Gray is both well qualified and uniquely situated to continue to represent the Investigation

Subcommittee in these Chapter 11 Cases.

<u>**Scope of Services**</u>

8.      Subject to further order of the Court, the Debtors request authority to retain and

employ Ropes & Gray to provide the following legal services to the Investigation Subcommittee,

including:

      (a)      assisting the Investigation Subcommittee with the Investigation and related
restructuring and litigation matters, including any interactions with any
parties in interest in these Chapter 11 Cases as they relate to the
Investigation;

      (b)      preparing pleadings in connection with the Chapter 11 Cases, including
motions, applications, answers, orders, reports and other papers necessary
or otherwise beneficial to meet the objectives of the Investigation

Subcommittee in connection with the Investigation, including by prosecuting litigation on behalf of the Debtors and their estates;

(c)     advising the Investigation Subcommittee with respect to its rights, powers, and duties;

(d)     appearing before the Court and any other courts to represent the interests of the Investigation Subcommittee before such courts; and

**(e)**     attending meetings and representing the Investigation Subcommittee in negotiations with the Debtors, representatives of creditors, and other parties in interest.

## Professional Compensation

9.     Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and other procedures that may be fixed by the Court, Ropes & Gray will be compensated on an hourly basis and will receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Investigation Subcommittee in these Chapter 11 Cases.  Furthermore, Ropes & Gray intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, subject to this Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders issued by this Court, on an hourly basis, plus reimbursement of all actual, necessary expenses and other charges incurred by Ropes & Gray in connection with these Chapter 11 Cases.

10.     Ropes & Gray will bill at its standard hourly rates in effect when services are rendered.  Ropes & Gray's current hourly rates for matters related to or similar to these Chapter 11 Cases range as follows:

| Billing Category | U.S. Range |
|---|---|
| Partners | $1,400 - $2,150 |
| Counsel | $770 - $2,130 |
| Associates | $700 - $1,270 |
| Paraprofessionals | $260 - $595 |

11.     The Debtors and the Investigation Subcommittee believe that these rates are consistent with market rates for comparable services and understand that Ropes & Gray sets its hourly rates on an annual basis after consulting with various independent market sources. These rates are set at a level designed to compensate Ropes & Gray fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Ropes & Gray operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors.  Ropes & Gray's hourly rates vary with the experience and seniority of the individuals assigned.  Ropes & Gray's hourly rates, however, are consistent with the rates that Ropes & Gray charges is restructuring clients, regardless of the location of the chapter 11 case.  Ropes & Gray did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

12.     The foregoing hourly rates were effective as of January 1, 2022.  Ropes & Gray's billing rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.  This annual adjustment is in accordance with the firm's ordinary practice.  As discussed herein, Ropes & Gray was retained by the Investigation Subcommittee in May 2022 to assist with the Investigation.  During the prepetition period, Ropes & Gray billed the Investigation Subcommittee using its hourly rates in effect at that time.  Ropes & Gray's billing rates have not changed or increased between May 2022 and the date hereof.

13.     Subject to this Court's approval, Ropes & Gray will also bill for, and maintain detailed records of, actual and necessary costs and expenses incurred in connection with the rendition of legal services described above.  Consistent with Ropes & Gray's policy regarding its other clients, Ropes & Gray will charge for all other services provided and for other charges and

disbursements incurred in the rendition of such services. These charges and disbursements include, among other things, costs for photocopying, telephone calls, travel, travel-related expenses, computerized research, messengers, couriers, and postage. From time to time, Ropes & Gray's employees may be required to work after business hours and during the weekend. Ropes & Gray generally invoices clients for reasonable meals and transportation to or from the office related to work performed during such time on behalf of the applicable client. If the Local Rules or the other applicable orders and procedures of this Court do not permit reimbursement of any of the foregoing expenses (or provide for additional or different requirements in respect thereof), the Debtors respectfully request in the Application that this Court waive any per se prohibition or requirements other than that such expenses be actual and reasonable.

## **Compensation Received by Ropes & Gray from the Debtors**

14.     As set forth above, Ropes & Gray has represented the Investigation Subcommittee since May 2022. A copy of the Engagement Letter is attached as <u>Exhibit 1</u> to the Proposed Order. In connection with entry into the Engagement Letter, the Debtors initially provided Ropes & Gray with $125,000 as an advance payment retainer, which amount was increased prior to the chapter 11 filing (the "<u>Advanced Payment Retainer</u>").

15.     As set forth in the table below, prior to the Petition Date Ropes & Gray received total payments in the aggregate amount of $704,295.00 as payment for fees and reimbursement for expenses related to such services and increases in the Advanced Payment Retainer in accordance with the Engagement Letter and its customary billing practices in the aggregate. As of the Petition Date, the balance of the Advanced Payment Retainer was $285,538.50 before reconciling such amount with the full and final amount of prepetition fees and expenses incurred in connection with representing the Investigation Subcommittee.

| Transaction Type | Date | Billed Amount | Payment Amount | Advanced Payment Retainer Balance |
|---|---|---|---|---|
| Invoice #1442799 (Initial Retainer) | 06/03/2022 | $125,000.00 | | |
| Payment on Invoice #1442799 | 06/07/2022 | | $125,000.00 | $125,000.00 |
| Invoice #1447479 (Retainer Replenishment) | 06/17/2022 | $125,000.00 | | $0.00 |
| Invoice #1447480 | 06/17/2022 | $36,692.00 | | $0.00 |
| Invoice #1448352 | 06/22/2022 | $160,538.50 | | $0.00 |
| Payment on Invoices #1447479, #1447480, and #1448352 | 06/28/2022 | | $322,230.50 | $125,000.00 |
| Invoice #1449879 | 06/28/2022 | $96,526.00 | | $28,474.00 |
| Payment on Invoice #1449879 | 06/29/2022 | | $96,526.00 | $125,000.00 |
| Payment for Retainer Increase | 06/29/2022 | | $160,538.50 | $285,538.50 |
| **Total** | | | **$704,295.00** | |

16.     Following the Petition Date, Ropes & Gray issued its final detailed fee statement to the Debtors for the actual fees, charges, and disbursements incurred for the period prior to the Petition Date in the amount of $47,544.38 (the "Final Prepetition Bill Amount").  Pursuant to the Engagement Letter, Ropes & Gray applied the Final Prepetition Bill Amount against the Advanced Payment Retainer, leaving it with a remaining balance of $237,994.12.  Ropes & Gray will apply the existing balance of $237,994.12 against postpetition fees and expenses of Ropes & Gray approved by the Court.

17.     Pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(b), Ropes & Gray has not shared or agreed to share (a) any of its compensation from the Debtors with any other persons, other than employees and members of Ropes & Gray and (b) any compensation any other persons have received or may receive.  There is no agreement of any nature as to the sharing of compensation to be paid to Ropes & Gray.

### Statement Regarding U.S. Trustee Guidelines

18.     The following information is provided in response to the request for additional information set forth in section D(1) of the UST Guidelines:

**Question**:  Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**: No.  The hourly rates set forth in the Application are consistent with the rates that Ropes & Gray charges other comparable chapter 11 clients, and the rate structure provided by Ropes & Gray is appropriate and is not significantly different from (a) the rates that Ropes & Gray charges in other non-bankruptcy representations or (b) the rates of other comparably skilled professionals for similar engagements.

**Question**: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response**: No.

**Question**: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference.

**Response**: As disclosed above, pursuant to the terms of the Engagement Letter, Ropes & Gray represented the Investigation Subcommittee since May 2022 with respect to the Investigation.  During that period, Ropes & Gray charged the Investigation Subcommittee its standard rates in effect at that time.  Ropes & Gray's billing rates have not changed or increased between May 2022 and the date hereof.

**Question**: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**:  Ropes & Gray has regular meetings with the Investigation Subcommittee to provide updates regarding the ongoing workstreams, developments, and material facts discovered in the course of the Investigation, and other strategic considerations.  Ropes & Gray will not otherwise develop a formal budget and staffing plan unless otherwise requested by the Investigation Subcommittee.

### Ropes & Gray's Disinterestedness

19.    Ropes & Gray has in the past represented, currently represents, and may in the future represent entities that are creditors of the Debtors in matters wholly unrelated to the Debtors' Chapter 11 Cases.  Ropes & Gray has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.  Some of those entities are or may consider themselves to be creditors or parties in interest in the Debtors' Chapter 11 Cases or to otherwise have interests in these Chapter 11 Cases.

20.     In connection with its proposed retention by the Investigation Subcommittee, Ropes & Gray undertook a thorough review of its computerized database (the "Conflicts Database") to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors.   The Conflicts Database is designed to include every matter on which Ropes & Gray is now and has been engaged, and, in each instance, the identity of related parties and certain of the attorneys in the firm that are knowledgeable about the matter.   It is the policy of Ropes & Gray that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflicts Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties.   Accordingly, Ropes & Gray maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.   The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.   As a partner of the firm, I regularly send information to update the system and use and rely upon the information contained in the system in the performance of my duties at Ropes & Gray and in my practice of law.

21.     In connection with preparing this Declaration, through my colleagues, I submitted to the Conflicts Database the names of the individuals and entities that may be parties in interest in these Chapter 11 Cases, including, without limitation, those parties in the categories set forth on **Schedule 1** (all such parties, collectively, the "Searched Parties" and each, a "Searched Party"). Where an entity has a name similar to a Searched Party, or is possibly related to such party in matters wholly unrelated to the Debtors' Chapter 11 Cases, those parties have also been searched in the Conflicts Database.

22.     The information listed on **Schedule 1** may have changed without our knowledge and may change during the pendency of these Chapter 11 Cases.  Ropes & Gray will review the relationships its attorneys may have with potentially interested parties added to the Searched Parties list and determine whether any relationships exist other than those set forth herein.  As may be necessary, Ropes & Gray will supplement this Declaration if it becomes aware of a relationship that may adversely affect Ropes & Gray's retention in these cases or otherwise should be disclosed.

23.     Ropes & Gray has compared the list of Searched Parties with the information contained in the Conflicts Database and thus has completed its conflict check.[3]

24.     Despite the efforts described above to identify and disclose Ropes & Gray's connections with the Searched Parties, because Ropes & Gray is an international law firm with hundreds of attorneys in multiple offices worldwide, I am unable to state that every client representation or other connection has been disclosed.  To the extent that the firm discovers any connection with any Searched Party not identified herein, or enters into any new relationship with any interested party, the firm will promptly supplement its disclosure to the Court.

25.     The facts stated in this Declaration as to the relationship between Ropes & Gray lawyers on the one hand, and the Debtors, the Debtors' creditors, other parties in interest, the respective attorneys and accountants, the Office of the United States Trustee (the "U.S. Trustee"), and other persons employed by the U.S. Trustee, on the other hand, are based upon the review of the results generated by the Conflicts Database with respect to the Searched Parties.

---

[3]     In certain instances the precise identity of the Searched Party was not readily ascertainable (*e.g.*, only the trade name or a portion thereof was known).  Solely for purposes of this Declaration, such party was treated as including affiliates or other entities bearing a similar name unless such Searched Party was believed by Ropes & Gray to be unrelated.

**Ropes & Gray's Connections with Parties in Interest
in Matters Unrelated to These Chapter 11 Cases**

26.    Any connections among a Searched Party and a client that Ropes & Gray currently represents or has represented within the past three years were reviewed by an attorney working under my supervision and from such review it was determined that, in respect of each connection between Ropes & Gray and such parties, Ropes & Gray does not represent or hold any interest adverse to the Debtors or to the Debtors' estates with respect to the matters on which Ropes & Gray is to be employed.

27.    Ropes & Gray solicited responses from attorneys of the firm and, based upon the responses received, no attorney at Ropes & Gray:

(a)    holds a direct or indirect equity interest in the Debtors or has a right to acquire such an interest;

(b)    is or has served as an officer, director, or employee of the Debtors;

(c)    is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors;

(d)    is a general or limited partner of a partnership in which the Debtors are also a general or limited partner;

(e)    is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale, or issuance of a security of the Debtors; or

(f)    has represented a financial advisor of the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

28.    Following a review of the reports generated after running a conflicts check, no attorney at Ropes & Gray presently represents any of the Searched Parties, except as detailed below:

(a)    Set forth on **<u>Schedule 2</u>** annexed hereto is a list of those Searched Parties from **<u>Schedule 1</u>** that Ropes & Gray either (a) currently represents (or represents a related party thereto) (the "<u>Current Clients</u>") in matters wholly unrelated to these Chapter 11 Cases, or

(b) has in the past represented (or represented a related party thereto) in matters wholly unrelated to these Chapter 11 Cases. In connection with the services to be provided to the Investigation Subcommittee, Ropes & Gray will not commence a cause of action against any Current Client with respect to these Chapter 11 Cases unless Ropes & Gray has an applicable waiver from the Current Client allowing Ropes & Gray to commence such an action. If a waiver does not exist or is not obtained from such Current Client and it is necessary for the Investigation Subcommittee to commence an action against that Current Client, the Investigation Subcommittee will be represented in such particular matter by conflicts counsel.

(b)    Ropes & Gray is a member of the Attorneys' Liability Assurance Society, Inc. ("ALAS"), which provides malpractice and other insurance services to its member law firms. Additionally, certain firms that currently or have previously provided legal services to the Debtors or are adverse to the Debtors in litigation matters are also members of ALAS, including (i) Richards, Layton & Finger, PA, (ii) Young Conaway Stargatt & Taylor LLP, (iii) Fox Rothschild LLP, (iv) Morris, Nichols, Arsht & Tunnell LLP, and (v) Winston & Strawn LLP.

29.    As part of its diverse practice, Ropes & Gray appears in cases, proceedings, and transactions involving many different professionals, including attorneys, accountants, financial consultants, and investment bankers, some of which may represent claimants and parties in interest in the Debtors' Chapter 11 Cases. In addition, Ropes & Gray may have in the past or may currently be representing other professionals involved in these Chapter 11 Cases in matters unrelated to these Chapter 11 Cases. Based on our current knowledge of the professionals involved, Ropes & Gray does not represent or have a relationship with any attorneys, accountants, financial consultants, or investment bankers that would be materially adverse to the Investigation Subcommittee, the Debtors, or their estates on matters upon which Ropes & Gray is to be employed and none are in connection with these Chapter 11 Cases.

30.    Ropes & Gray and certain of its partners, counsel, and associates also may have in the past represented, may currently represent, and likely in the future will represent creditors,

equity security holders, or other parties in interest in these Chapter 11 Cases in connection with matters unrelated (except as otherwise disclosed herein) to the Investigation Subcommittee, the Debtors, and these Chapter 11 Cases.  Ropes & Gray believes that its representation of such creditors, equity security holders, or other parties in interest in such unrelated matters will not affect its representation of the Investigation Subcommittee in these proceedings.

31.    Except for the parties listed on **<u>Schedule 2</u>**, neither I nor Ropes & Gray has represented or will represent any entity in connection with these Chapter 11 Cases, and neither I nor Ropes & Gray will accept any fee from any other party or parties in these Chapter 11 Cases, except as otherwise described herein.

32.    Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, Ropes & Gray, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with the Investigation Subcommittee, the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed with the U.S. Trustee, or any bankruptcy judge currently serving on the United States Bankruptcy Court for the District of Delaware, except as disclosed or otherwise described herein.

33.    Additionally, to the best of my knowledge and information based on the responses received, no member or employee of Ropes & Gray holds any of the Debtors' debt or equity securities nor is any member or employee of Ropes & Gray an insider of the Debtors.

34.    Certain of the parties in interest in these Chapter 11 Cases were or could be, from time to time, members of ad hoc or official creditors' committees represented by Ropes & Gray in matters unrelated to these Chapter 11 Cases.  In such instances, Ropes & Gray only represented the committee or group, and did not represent the creditors in their individual capacities.  Ropes

& Gray does not and will not represent any of these parties in connection with these Chapter 11 Cases.

35.     Additionally, Ropes & Gray has represented, and may currently represent, entities that hold, or may in the future hold, certain of the Debtors' securities in beneficial accounts on behalf of unidentified parties.   Because the Debtors' securities are actively traded in the commercial markets, Ropes & Gray may be unaware of the actual holder of such securities at any given time.   Ropes & Gray also represents numerous entities in unrelated matters that may buy and/or sell equity interests of chapter 11 debtors.   Moreover, from time to time, Ropes & Gray is engaged by various entities that buy and/or sell securities and/or distressed debt to analyze the capital structure of a company based on a review of publicly available information.   The Firm does not undertake such reviews after it has been engaged to represent any such company, and does not view any public securities and/or distressed debt review as an adverse representation to a debtor.

36.     Ropes & Gray also may currently represent and/or in the past has represented companies or boards on which Alan Carr and William Transier, the two members of the Investigation Subcommittee, have served as directors or plan administrators in matters wholly unrelated to the Debtors' Chapter 11 Cases.

37.     Ropes & Gray previously represented, and may in the future represent The Raine Group LLC (the "Raine Group") in certain regulatory matters unrelated to the Debtors or these Chapter 11 Cases.   Prior to the Petition Date, Enjoy became a publicly-traded corporation through a merger (the "SPAC Merger") with Marquee Raine Acquisition Corp. ("MRAC"), a special purpose acquisition company (a "SPAC") formed by the Raine Group and Marquee Sports Holdings.   Ropes & Gray did not represent the Raine Group in any matters related to the formation

of MRAC or MRAC's merger with Enjoy, and is not representing the Raine Group in any matters related to the Debtors or these Chapter 11 Cases.

38.     Ropes & Gray previously represented Goldman Sachs & Co. LLC ("Goldman Sachs") in its capacities as an advisor to Enjoy in connection with Enjoy's efforts to complete an initial public offering via a merger with a SPAC, including the SPAC Merger, and as a co-placement agent to MRAC in the private investment in public equity consummated in connection with the SPAC Merger (the "PIPE Transaction"). Ropes & Gray's representation of Goldman Sachs was unrelated to these Chapter 11 Cases, and Ropes & Gray's representation of Goldman Sachs on any matters related to the Debtors ceased upon completion of the SPAC Merger and PIPE Transaction. Ropes & Gray is not representing Goldman Sachs in any matters related to these Chapter 11 Cases.

39.     From January 2018 to November 2020, I was a partner with the New York office of Weil, Gotshal & Manges, LLP ("Weil"), counsel to certain non-management directors of Enjoy. During my time at Weil, I did not perform any work related to the Debtors, the Board, these Chapter 11 Cases, or the Debtors' restructuring efforts.

40.     Ropes & Gray may have represented in the past, may currently represent, or may in the future represent entities (other than parties on the attached schedules) not currently known to Ropes & Gray in matters wholly unrelated to the Chapter 11 Cases who may be parties in interest in these cases. To the extent that Ropes & Gray discovers any such information or needs to update the information disclosed herein, Ropes & Gray will disclose such information by filing a supplemental declaration pursuant to Bankruptcy Rule 2014.

41.     Ropes & Gray will periodically review its files during the pendency of these Chapter 11 Cases to ensure that no conflicts or disqualifying circumstances exist or arise. If any

new relevant facts or relationships are discovered or arise, Ropes & Gray will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule Rule 2014(a).

[*Remainder of Page Intentionally Left Blank*]

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: July 22, 2022
      Chicago, Illinois

                                   */s/ Ryan Preston Dahl*
                                   Ryan Preston Dahl
                                   Partner, Ropes & Gray LLP

## SCHEDULE 1

### Schedule of Searched Parties

**Enjoy Entities**
Enjoy Technology, Inc.
Enjoy (UK) Limited
Enjoy Technology Canada Ltd.
Enjoy Technology LLC
Enjoy Technology Operating Corp

**Former Enjoy Entities**
Marquee Raine Acquisition Corp.
MRAC Merger Sub Corp.

**Current and Former Officers and
    Directors of Enjoy**
Alan Carr
Anil Gandham
Brett Varsov
Brook Byers
Cal Hoagland
Denise Young Smith
Dillon Okner
Ettienne Brandt
Fareed Khan
Gideon Yu
Jonathan Mariner
Julian Mack
Krystina Feilden
Kunal Malik
Melissa Bates
Michael Marks
Nick Hale
Peter Stamos
Salaam Coleman Smith
Samantha Villanueva-Meyer
Thomas Ricketts
Tiffany Meriweather
Tim Cawley
Tom Suiter
William Transier

**Certain Personnel Employed by the
    Office of the United States Trustee for
    the District of Delaware**
Benjamin Hackman

Christine Green
David Buchbinder
David Villagrana
Denis Cooke
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah Mccollum
Holly Dice
James R. O'malley
Jane Leamy
Joseph Mcmahon
Juliet Sarkessian
Karen Starr
Lauren Attix
Linda Casey
Linda Richendorfer
Michael Panacio
Nyanquoi Jones
Ramona Vinson
Richard Schepacarter
Rosa Sierra
Shakima L. Dortch
T. Patrick Tinker
Timothy J. Fox, Jr.

**Bankruptcy Judges in the District of
    Delaware**
Chief Judge Christopher S. Sontchi
Judge Brendan L. Shannon
Judge Craig T. Goldblatt
Judge J. Kate Stickles
Judge Laurie Selber Silverstein
Judge Mary F. Walrath
The Honorable Ashley M. Chan
The Honorable John T. Dorsey
The Honorable Karen B. Owens

**Professionals**
AlixPartners LLP
Centerview Partners LLP
Cooley LLP
Richards Layton & Finger PA

**PIPE Investors**
Eun Lee
Ezra Kucharz
Flow State Group II, L.P
Flow State Group, LP
Ghisallo Master Fund LP
Ilan Shalit
Iridian Eagle Fund
Jason Mendelson
John DesPrez
Kent Dauten
Merrick Venture Management
Neon Barley, LLC
Park West Investors Master Fund, Limited
Park West Partners International, Liimted
Patrick M. Gallagher
RM.MM Milennium Partners, L.P.
Robins Holdings II, LLC
Schonfeld Strategic 460 Fund LLC
Steven Galanis
Techra Investments

**Holders of 1% or More of Outstanding
    Common Equity Securities**
ET2 Investment
Fred Harman
Ghisallo
Highland Capital Partners
King Street Capital Management, L.P.
Kleiner Perkins
L Catterton
LCH Enjoir L.P.
M449UNEX
Marquee Raine Acquisition Sponsor LP
Neon Barley
Oak Investment Partners
Riverwood Capital
Rogers Holding
Ron Johnson
SCP Venture Fund I, L.P.
Stamos Capital Partners
SuRo Capital
Thomas Kent Suiter

**Strategic Partners**

Apple
AT&T
British Telekom
Rogers

**Other Parties**
2020 Companies
Acosta
Ahold Delhaize
Amazon
Assurant
Asurion
Best Buy
BT
Doordash
Google
Kroger
Meta
Prime Communications
Samsung
Shopify
T Mobile
Target
Uber
Verizon
Walmart

**Banks**
Silicon Valley Bank

**Insurance**
Alliant
Alliant Insurance Services, Inc.
Associated Industries Insurance Company,
    Inc.
Berkshire Hathaway Specialty Insurance
CAC Specialty
CHUBB
Endurance American Specialty Insurance
    Company
Everest National Insurance Company
First Insurance Funding
Freedom Specialty Insurance Company
HSB Specialty Insurance Company
Hudson Insurance Company
Indian Harbor Insurance Company

James River Insurance Company
National Union Fire Insurance Company of
    Pittsburg, Pa.
Old Republic Insurance Company
Pennsylvania Manufacturers' Association
    Insurance Company
Pennsylvania Manufacturer's Indemnity
    Insurance Company
Scottsdale Insurance Company
Starstone Specialty Insurance Company
XL Specialty Insurance Company

**Utilities**
Academy Fire Life Safety, LLC
ACADIAN AMBULANCE SERVICE,
    INC.
Airgas USA LLC
Bravewatch Inc
Conservice, LLC
GRANITE TELECOMMUNICATIONS
Protos Security

**Taxes**
Alabama Department of Revenue
Alameda County Treasurer and Tax
    Collector
Alaska Department of Revenue
Allegheny County Treasurer
Arkansas Department of Finance and
    Administration
Arkansas Department of Finance and
    Administration - Corporate Income Tax
Arkansas Department of Finance and
    Administration - Sales and Use Tax
Baltimore County Treasurer
Berlin Town Tax Collector
Bexar County Tax Assessor-Collector
Boston City Tax Collector
Caldwell County Treasurer
California State Board of Equalization
Clark County Treasurer
Collin County Tax Assessor-Collector
Colorado Department of Revenue
Comptroller of Maryland
Connecticut Department of Revenue
    Services

Cook County Treasurer
Cuyahoga County Treasurer
Dallas County Tax Office
Davidson County Metropolitan Trustee
    Collector
Dekalb County Tax Commissioner
Detroit City Tax Collector
District of Columbia Office Of Tax And
    Revenue
Duval County Tax Collector
Fairfax County Treasurer
Farmington Hills City Treasurer
Florida Department of Revenue
Franklin County Treasurer
Fresno County Tax-Collector
Fulton County Tax Commissioner
Georgia Department of Revenue
Harris County Tax Assessor-Collector
Hawaii State Department of Taxation
Hennepin County Treasurer
Hillsborough County Tax Collector
Indiana Department of Revenue
Internal Revenue Service
Iowa Department of Revenue
Jefferson County Sheriff's Office
Jefferson County Tax Collector
Jefferson County Treasurer
Kansas Department of Revenue
Kansas Department of Revenue General
    Counsel's Office
Kentucky Department of Revenue
King County Treasury
Los Angeles County Tax Collector
Louisiana Department of Revenue
Maricopa County Treasurer
Marion County Treasurer
Massachusetts Department of Revenue
Mecklenburg County Tax Collector
Miami-Dade County Tax Collector
Michigan Department of Treasury
Milwaukee City Treasurer
Minnesota Department of Revenue
Montgomery County Treasurer
Multnomah County Tax Collector
Nebraska Department of Revenue
Nevada Department of Taxation

New Hampshire Department of Revenue
    Admin.
New Mexico Taxation and Revenue Dept.
New York State Dept. Of Taxation and
    Finance
Norfolk Town Treasurer
Nyc Department of Finance
Office of State Tax Commissioner
Ohio Department of Taxation
Oklahoma County Treasurer
Oklahoma Tax Commission General
    Counsel's Office
Orange County Tax Collector
Oregon Dept of Revenue
Palm Beach County Tax Collector
Pennsylvania Dept. of Revenue
Pulaski County Treasurer
Queens Borough Treasurer
Sacramento County Tax Collector
Salt Lake County Treasurer
San Diego County Treasurer - Tax Collector
San Mateo County Tax Collector
Santa Clara County Tax Collector
Shelby County Trustee
South Carolina Dept. of Revenue
South Dakota Department of Revenue
St Charles Parish Tax Collector
St Martin Parish Sheriff
State Of Rhode Island Div. of Taxation
Tarrant County Tax Assessor-Collector
Tennessee Department of Revenue
Travis County Tax Assessor-Collector
Tulsa County Treasurer
Union City-Hudson
Utah State Tax Commission
Vermont Department of Taxes
Virginia Department of Taxation
Wake County Revenue Department
West Virginia Department of Revenue
Westchester County Tax Collector
Wilmington Town Treasurer Collector
Wisconsin Department of Revenue
Wyandotte City Treasurer
Wyoming Department of Revenue

**Landlords**
1301 Cornell, LLC
143 Mallard Street LLC DBA Briar Meads
    Capital Trust
23035 Commerce Drive LLC
535 W Germantown Ltd.
917 & 925 West Hyde Park Properties, LLC
ALP-ARC II Tampa I Property Company,
    LLC
Atlantic Oliver Ballardvale LLC
BALCO PROPERTIES, LTD.
Bangerter Pointe Enterprises, LLC
BCI IV Colony Crossing LP
BLR Properties I, LLC
Boca Industrial Park, Ltd
BPS Two Pack JV, LLC
Brookfield Commerce Center, LLP
Buchanan Station Partners, G.P.
Carleen Dadisman
Center Denver Industrial Associates Ltd
Clearbrook Cross LLC
CPG Oxmoor III
Daus Fruehauf II, LLC
DG Industrial Portfolio I, L.P.
Dogwood Holdings LP
DR NYIP JV LLC - NYIP Owner II LLC
Eastgroup Properties LP
Edwards-Holmgren Associates, LLC.
First Industrial Financing Partnership, L.P.
Flight Facilities, Inc.
Golden Gate Drywall
Grisham Investments (Misspelling?
    Gresham)
Group IV 700-900, LLC
H & M Holdings, LLC
Harsch Investment Properties, LLC
Hill Management Serviced, Inc.
HIPP Investments, North Carolina LLC
IC INDUSTRIAL REIT
ICRE REIT Holdings
Investco Limited, LLC, Series 8
John Neil Snodgrass
Kelly Gordon Company, LP.
Kew Management Corporation
King 575 University LLC
Liberty Capital Partners III LLC

Olen Commercial Realty Corp.
Park Centre Partners LLC
PFJ, LLC
PPF Industrial 10601 Franklin Avenue, LLC
Prologis USLV Subreit 4, LLC
Prologis, L.P.
RBL Lynn I LLC
Riverbend Business Park, LLC
Samdoz, Inc.
SL Project Texas 2 LP.
SL5 ATX Industrial, LP
Sloan Summit Partners, LLC
Smart Rentals LLC
SOF-XII U.S. NRE Holdings LP DBA
    Kyrene Property Owner, L.P.
SPG JFK ll LLC
Springfield South, LLC
Tappan Properties Limited Partnership
Tarheel Drive Properties LLC
The Vollman Company
Vincent J Brescia Realty L.L.C.
Western B East, LLC DBA Icon Owner
    Pool 1 Texas, LLC
ZRP Directors Row LLC

**Current and Former Major Secured
    Lenders**
Blue Torch Finance, LLC
TriplePoint Venture Growth BDC
    Corporation

**Parties and Counsel to Material Pending
    Litigation**
Abramson Law Group
Drybern IV, LTD.
Equal Employment Opportunity
    Commission
Florida Commission on Human Relations
Garan Lucow Miller P.C.
Protection Law Group
Testan Law
The Hartford Financial Services Group

**Other Significant Professional**s
Deloitte & Touche LLP
FTI Consulting, Inc.

Gordon Rees Scully Mansukhani, LLP
Latham & Watkins LLP
Morris, Nichols, Arsht & Tunnell LLP
Osler, Hoskin & Harcourt LLP
Pricewaterhouse Coopers LLP
Starr Finley LLP
The Abernathy MacGregor Group, Inc.
VPTax, Inc.
Weil, Gotshal & Manges LLP
Winston & Strawn, LLP

**Major Suppliers, Vendors, and Other
    Parties**
3 Bridge Networks LLC
Absorb Software Inc
ADP, LLC
Amazon Web Services, Inc.
Apple Financial Services Powered by De
    Lage Landen Financial Services
Apps Associates LLC
AT&T Mobility
BankDirect Capital Finance
Boomi
CDW
CFGI Holdings, LLC
CloudPay Solutions Inc
Concur Technologies, Inc.
Countsy, Inc.
CT Corporation
Donnelley Financial, LLC
EKATA
First Call Resolution, LLC
FLG Partners, LLC
Google Inc.
Greenhouse Software, Inc.
GSD Industries LLC
Hathority LLC
Indeed Inc
Invers Mobility Solutions Inc.
JR Consulting, LLC
KISI, INC
Kronos Incorporated
LeaseQuery, LLC
Linkedin Corporation
MAAYEE, INC.
Management Resource Systems, Inc

MAP, Inc
Marcia F. Gauger dba Impact Sales Training
    LLC
Morgan Stanley Domestic Holdings, Inc.
    dba Solium Capital LLC
Nasdaq, Inc
Oracle America Inc
Pipp Mobile Storage Systems Inc.
RAE Security, Inc.
Rarestep, Inc. dba Fleetio
Reciprocity, Inc
ServiceNow Inc.
SHI International Corp.
Slack Technologies, Inc
Tableau Software, Inc.
Tangerine Promotions
TEG Staffing, Inc.
Terralogic Solutions, Inc.
Terry Adams, Inc.
Transmedik Specialized Inc.
Twilio, Inc.
ULINE
Veritas Managed Solutions, Inc
Vetty Inc.
W Services Group, LLC
Welocalize, Inc.
Wex Health, Inc
WithumSmithBrown, PC
Wundercar Mobility Solutions GmbH
Zendesk, Inc.
Zoom Video Communications, Inc.

## SCHEDULE 2

**Schedule of Searched Parties and/or Certain Related Parties
that Ropes & Gray Currently Represents, or Has in the Past
Represented, in Matters Unrelated to these Chapter 11 Cases**

| Searched Party | Relationship |
|---|---|
| ADP, LLC | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Alan Carr | Affiliate of Client in matters unrelated to these chapter 11 cases |
| AlixPartners LLP | Client in matters unrelated to these chapter 11 cases |
| Apple | Client in matters unrelated to these chapter 11 cases |
| Apps Associates LLC | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Asurion | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Berkshire Hathaway Specialty Insurance | Client in matters unrelated to these chapter 11 cases |
| Best Buy | Former Client in matters unrelated to these chapter 11 cases |
| Blue Torch Finance, LLC | Client in matters unrelated to these chapter 11 cases |
| Boomi | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Boston City Tax Collector | Affiliate of Client in matters unrelated to these chapter 11 cases |
| BT | Affiliate of Client in matters unrelated to these chapter 11 cases |
| D.E. Shaw Valence Portfolios, L.L.C. | Affiliate of Client in matters unrelated to these chapter 11 cases |
| CAC Specialty | Client in matters unrelated to these chapter 11 cases |
| Concur Technologies, Inc. | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Florida Commission on Human Relations | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Freedom Specialty Insurance Company | Former Client in matters unrelated to these chapter 11 cases |
| Google | Client in matters unrelated to these chapter 11 cases |
| Greenhouse Software, Inc. | Affiliate of Client in matters unrelated to these chapter 11 cases |

| Searched Party | Relationship |
|---|---|
| Highland Capital Partners | Former Client in matters unrelated to these chapter 11 cases |
| IC INDUSTRIAL REIT | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Indian Harbor Insurance Company | Affiliate of Client in matters unrelated to these chapter 11 cases |
| King 575 University LLC | Affiliate of Client in matters unrelated to these chapter 11 cases |
| King County Treasury | Affiliate of Client in matters unrelated to these chapter 11 cases |
| King Street Capital Management, L.P. | Client in matters unrelated to these chapter 11 cases |
| Kleiner Perkins | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Kronos Incorporated | Former Affiliate of Client in matters unrelated to these chapter 11 cases |
| L Catterton | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Meta | Client in matters unrelated to these chapter 11 cases |
| Michigan Department of Treasury | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Minnesota Department of Revenue | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Morgan Stanley Domestic Holdings, Inc. dba Solium Capital LLC | Client in matters unrelated to these Chapter 11 cases |
| Multnomah County Tax Collector | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Nasdaq, Inc. | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Nevada Department of Taxation | Affiliate of Client in matters unrelated to these chapter 11 cases |
| New Mexico Taxation and Revenue Dept. | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Ohio Department of Taxation | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Oracle America Inc. | Former Client in matters unrelated to these chapter 11 cases |
| PIPP Mobile Storage Systems Inc. | Former Client in matters unrelated to these chapter 11 cases |
| PPF Industrial 10601 Franklin Avenue, LLC | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Salt Lake County Treasurer | Affiliate of Client in matters unrelated to these chapter 11 cases |

| Searched Party | Relationship |
|---|---|
| Samsung | Client in matters unrelated to these chapter 11 cases |
| ServiceNow Inc. | Client in matters unrelated to these chapter 11 cases |
| Silicon Valley Bank | Affiliate of Client in matters unrelated to these chapter 11 cases |
| T Mobile | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Target | Client in matters unrelated to these chapter 11 cases |
| The Abernathy MacGregor Group, Inc. | Affiliate of Client in matters unrelated to these chapter 11 cases |
| The Hartford Financial Services Group | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Uber | Affiliate of Client in matters unrelated to these chapter 11 cases |
| Verizon | Client in matters unrelated to these chapter 11 cases |
| Walmart | Client in matters unrelated to these chapter 11 cases |
| Zoom Video Communications, Inc. | Client in matters unrelated to these chapter 11 cases |