# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENJOY TECHNOLOGY, INC., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 22-10580 (JKS)<br>) (Jointly Administered)<br>)<br>) **Re: Docket Nos. 86, 199, 201, 228 & 251**<br>) |

### SUPPLEMENTAL DECLARATION OF MARC D. PUNTUS IN SUPPORT OF THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

I, Marc D. Puntus, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Partner and Co-Head of the Debt Advisory and Restructuring Group at Centerview Partners LLC ("Centerview"), investment banker to the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors").[2] Further explanation of my education, experience, and expertise can be found in the *Declaration of Marc D. Puntus in Support of Motion of Debtors for Entry of (I) An Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Scheduling a Hearing to Approve Assumption and Assignment of the Assumed Contracts; and (II) an Order (A) Authorizing and Approving the Debtors' Entry into an Asset Purchase Agreement, and (B) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Enjoy Technology, Inc. (6891); Enjoy Technology Operating Corp. (4543); Enjoy Technology LLC (0230). The location of the Debtors' service address in these chapter 11 cases is 3240 Hillview Avenue, Palo Alto, CA 94304.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion or Bidding Procedures Order, as applicable.

and Clear of All Encumbrances; (III) an Order Approving the Assumption and Assignment of the Assumed Contracts; and (IV) Granting Related Relief [Docket No. 192].

2. I submit this declaration (this "Supplemental Declaration") in further support of the *Motion of the Debtors for Entry of (I) An Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of all or Substantially all of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Scheduling a Hearing to Approve Assumption and Assignment of the Assumed Contracts; and (II) An Order (A) Authorizing and Approving the Debtors' Entry into an Asset Purchase Agreement, and (B) Authorizing the Sale of all or Substantially all of the Debtors' Assets Free and Clear of all Encumbrances; (III) An Order Approving the Assumption and Assignment of the Assumed Contracts; and (IV) Granting Related Relief* [Docket No. 86] (the "Motion").

3. In particular, I submit this Declaration in support of (a) the sale of the Transferred Assets (as defined in the Purchase Agreement (defined below)) to Asurion, LLC ("Asurion" or "Stalking Horse Bidder"), in accordance with the terms of that certain *Asset Purchase Agreement*, dated as of July 25, 2022 (as amended, restated, or otherwise modified, the "Purchase Agreement"), by and among the Debtors and Asurion; and (b) approval of the Debtors' proposed *Order (I) Authorizing the Sale of Certain Assets of the Debtors to Asurion, LLC Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief*.

4. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my

2

review of relevant documents, and information I have received from other members of the Debtors' management team and the Debtors' advisors, including my team at Centerview. If I were called to testify, I could and would testify competently to the facts set forth herein.

### The Debtors' Post-Petition Marketing Efforts

5. In an effort to achieve the highest or otherwise best bid for all or substantially all of their assets, the Debtors and their advisors have continued to market their assets on a post-petition basis in accordance with the Court-approved Bidding Procedures.[3] Beginning in July 2022, the Debtors and their advisors reached out to 32 prospective buyers, including parties that the Debtors had engaged with prepetition, parties that had reached out to the Debtors post-petition and certain parties identified by the Official Committee of Unsecured Creditors. Combined with the prospective buyers that were contacted prepetition, I believe that the Debtors and their advisors have solicited the most likely purchasers of the Debtors' assets. Although most parties declined to participate in the process, the Debtors did execute a non-disclosure agreement with one new prospective buyer. The Debtors provided information regarding their business and operations to such party, including through a management presentation and data room access. Ultimately, the Debtors did not receive a bid from such party or any other party by the Bid Deadline on August 8, 2022.

6. Accordingly, the Debtors, in consultation with the Consultation Parties, cancelled the Auction and selected the Stalking Horse Bidder (or its designee as permitted under the Purchase Agreement) as the Successful Bidder in accordance with the Bidding Procedures Order.

---

[3] *See Order (I)(A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, and (D) Scheduling a Hearing to Approve Assumption and Assignment of the Assumed Contracts; and (II) Granting Related Relief* [Docket No. 199] (the "Bidding Procedures Order").

RLF1 27802883v.1

**Sound Business Purpose**

7.      I believe that the terms set forth in the Purchase Agreement, and the transactions contemplated thereby, represent the highest and best transaction presently available for the Transferred Assets.  I believe the Debtors have sound business justification for entering into and consummating the Purchase Agreement.  In my opinion, the terms of the Purchase Agreement, including the consideration to be paid for the Transferred Assets, constitute the best terms presently available after the completion of a robust marketing and sale process, and constitute fair and reasonable value in exchange.

8.      Based on my experience and my personal knowledge of the Debtors' circumstances and the sale and marketing process, I believe that the Purchase Agreement represents the highest or otherwise best offer available under the circumstances, and that approving Asurion as the Successful Bidder is in the best interests of the Debtors' estates.

**Good Faith**

9.      The transaction with Asurion is the product of hard-fought and good faith negotiations conducted at arm's-length, with all parties represented by sophisticated professionals. As evidence of this: (i) the Debtors and their advisors conducted the marketing and sale process in compliance with the Court-approved Bidding Procedures; (ii) the Debtors and their advisors conducted a fair and open sale process; (iii) the sale process and the Bidding Procedures were non-collusive, duly noticed, and provided a full, fair, and reasonable opportunity for any entity to make an offer to purchase the Transferred Assets; and (iv) there was no other transaction that provided higher or better value for the Transferred Assets than that provided under the Purchase Agreement. Moreover, I believe that Asurion and its advisors have acted in good faith at all times in connection with the Purchase Agreement and the contemplated sale of the Transferred Assets.  I also am not

aware of any facts demonstrating or suggesting that the Purchase Price (as defined in the Purchase Agreement) was controlled by any agreement among potential bidders with respect to the Transferred Assets.

10. To my knowledge, (i) the Purchase Agreement was not entered into by the Debtors, and the transaction is not being consummated by the Debtors, for the purpose of hindering, delaying, or defrauding present or future creditors of the Debtors; (ii) all payments to be made by Asurion to the Debtors and all material liabilities to be assumed in connection with the transaction have been disclosed; and (iii) the Debtors are not entering into the Purchase Agreement, or proposing to consummate the transaction, fraudulently.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true correct.

Date: August 11, 2022                             */s/ Marc D. Puntus*

                                                                               Marc D. Puntus
                                                                               Partner, Centerview Partners LLC